PEOPLE v BRINTLEY

PEOPLE v ROBINSON

Docket Nos. 77-2756, 77-3404. Submitted June 14, 1978, at Grand Rapids.—Decided September 20, 1978.

Defendants Curtis Brintley and Carlos Robinson were convicted of armed robbery and defendant Brintley was also convicted of possession of a firearm during the commission of a felony in Recorder's Court of Detroit, Robert L. Evans, J. Both defendants appeal. *Held:*

1. A single act may violate more than one criminal statute where this is the clear legislative intent; however, where one of two offenses charged is necessarily a lesser included offense of the other, convictions for both based on the same act amount to unconstitutional double punishment.

2. A necessarily lesser included offense is an offense such that it is impossible to commit the greater without first having committed the lesser; some offenses are never necessarily included in others on any set of facts because they share no elements, other offenses are always necessarily included in others because the latter consists of all of the elements of the former plus more.

3. The felony of "felony-firearm" consists of two elements: (1) carrying or possession of a firearm, (2) while committing or attempting to commit a felony other than carry a concealed weapon; where the carrying of a firearm is unrelated to the underlying felony, punishment for committing the underlying felony and also carrying a firearm while doing so is not double punishment but where a firearm is used to commit the underlying felony, the underlying felony is necessarily included in felony-firearm because it is impossible to commit a felony by using a firearm without at the same time possessing or carrying the firearm during the felony.

4. Double jeopardy questions may not be resolved through an

---

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 21 Am Jur 2d, Criminal Law §§ 185–189.

[3] 79 Am Jur 2d, Weapons and Firearms §§ 4–7.

[4] 21 Am Jur 2d, Criminal Law §§ 166, 185.

examination of legislative intent; a statute cannot deprive a citizen of fundamental constitutional rights.

Affirmed in part, reversed in part.

1. Criminal Law—Single Transaction—Legislative Intent—Necessarily Lesser Included Offenses—Double Punishment.

A single act may violate more than one criminal statute where this is the clear legislative intent; however, where one of the two offenses charged is necessarily a lesser included offense of the other, convictions for both based on the same act amount to unconstitutional double punishment.

2. Criminal Law—Necessarily Lesser Included Offenses.

A necessarily lesser included offense is an offense such that it is impossible to commit the greater without first having committed the lesser; some offenses are never necessarily included in others on any set of facts because they share no elements, other offenses are always necessarily included in others because the latter consists of all of the elements of the former plus more.

3. Criminal Law—Felony-Firearm—Lesser Included Offenses.

The felony of "felony-firearm" consists of two elements: (1) carrying or possession of a firearm, (2) while committing or attempting to commit a felony other than carry a concealed weapon; where the carrying of a firearm is unrelated to the underlying felony, punishment for committing the underlying felony and also carrying a firearm while doing so is not double punishment but where a firearm is used to commit the underlying felony, the underlying felony is necessarily included in felony-firearm because it is impossible to commit a felony by using a firearm without at the same time possessing or carrying the firearm during the felony.

4. Constitutional Law—Double Jeopardy—Legislative Intent—Fundamental Constitutional Rights.

Double jeopardy questions may not be resolved through an examination of legislative intent; a statute cannot deprive a citizen of fundamental constitutional rights.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Robert A. Reuther* and *Paul C. Louisell,* Assistant Prosecuting Attorneys, for the people.

*Arthur H. Landau,* for defendant Brintley.

*Seymour Weberman,* for defendant Robinson.

Before: D. E. HOLBROOK, JR., P. J., and T. M. BURNS and W. VAN VALKENBURG,* JJ.

D. E. HOLBROOK, JR., P. J. Defendants were charged in a complaint and warrant with two counts: armed robbery contrary to MCL 750.529; MSA 28.797, and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). Following a trial by the court, without a jury, the trial judge made findings of fact and conclusions of law among which are the following:

"I find, as a fact, beyond a reasonable doubt, that both defendants are guilty of Count I, robbery armed. I find, as a fact, that the instrumentality used in the robbery armed was a gun and that the defendant, Curtis Brintley, possessed the gun during the commission of a felony which is in violation of Statute 750.227b.

"I'm of the opinion that that felony cannot be committed vicariously. Therefore I find the defendant, Carlos Robinson, not guilty of that. That is to say, it can't be committed constructively. I therefore find the defendant, Curtis Brintley, guilty of Counts I and II. I find the defendant, Carlos Robinson, guilty of Count I, only."

Thereafter the trial court sentenced defendant Brintley to a prison term of 5 to 10 years on the armed robbery charge and to a prison term of 2 to 10 years on the felony-firearm charge. Defendant Robinson was sentenced to a prison term of from 1-1/2 to 5 years on the armed robbery charge. Both defendants appeal as of right.

While numerous issues are raised on appeal all

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

but one are lacking in merit. Since the single meritorious issue applies only to defendant Brintley we affirm defendant Robinson's conviction without further discussion.

With respect to defendant Brintley he claims on appeal that the trial court reversibly erred in finding him guilty of both armed robbery and felony-firearm in that such a finding represents an unconstitutional duplication of punishment. We agree.

Among the guarantees encompassed by the double jeopardy clause is protection against multiple punishment for the same offense. *North Carolina v Pearce,* 395 US 711, 717; 89 S Ct 2072; 23 L Ed 2d 656 (1969). It is beyond dispute that a single act may violate more than one criminal statute where this is the clear legislative intent. *Blockburger v United States,* 284 US 299, 304; 52 S Ct 180; 76 L Ed 306 (1932), *Gore v United States,* 357 US 386; 78 S Ct 1280; 2 L Ed 2d 1405 (1958), *People v Bennett,* 71 Mich App 246, 248; 247 NW2d 368 (1976). But where one of two offenses charged is necessarily a lesser included offense of the other, convictions for both based on the same act amount to unconstitutional double punishment. *People v Martin,* 398 Mich 303; 247 NW2d 303 (1976), *People v Stewart (On Rehearing),* 400 Mich 540; 256 NW2d 31 (1977).

Based on the trial court's findings it is apparent that defendant Brintley's act of armed robbery was necessarily a lesser included offense of felony-firearm. A necessarily lesser included offense is an offense such that it is impossible to commit the greater without first having committed the lesser. *People v Patskan,* 387 Mich 701, 713; 199 NW2d 458 (1972), *People v Ora Jones,* 395 Mich 379, 387; 236 NW2d 461 (1975). Some offenses are never

necessarily included in others on any set of facts because they share no elements. *E.g., People v Jones,* 75 Mich App 261, 272; 254 NW2d 863 (1977) (gross indecency and assault with intent to commit gross indecency). Other offenses are always necessarily included in others because the latter consist of all the elements of the former plus more. *E.g., People v Hoffmeister,* 394 Mich 155, 157, n 1; 229 NW2d 305 (1975), *People v Carter,* 395 Mich 434, 437–438; 236 NW2d 500 (1975) (second-degree murder always included in first-degree murder). In these polar cases of mutual exclusivity, the question of lesser included offenses is answerable by reference to the elements of the offense without an analysis of the facts of the particular case. But this is not always true. There are offenses which are necessarily lesser included offenses of others *as a matter of fact* but not as a matter of legal or logical necessity. In such situations, it becomes necessary to elect between a purely legal and factual analysis of necessarily lesser included offenses:

"A necessarily included offense can reasonably mean a lesser offense which would always be committed when the main offense was committed. It can be decided in the abstract without any reference to an individual case; for example, assault is always found in assault with intent to kill. Conversely, it could also be one which, as a factual matter, was shown at trial to have been a method not identical to, but included within, the major crime. Thus felonious assault would be a lesser included offense of assault with intent to kill if the method of assault was use of a gun." Koenig, *The Many-Headed Hydra of Lesser Included Offenses: A Herculean Task for the Michigan Courts,* 1 DCL Rev 41, 44 (1975).

In the *Martin* and *Stewart* cases, *supra,* the

Michigan Supreme Court adopted the factual analysis of lesser included offenses. In both cases the Court held that convictions for possession and delivery of heroin could not both be sustained where there was no evidence of possession apart from the sale. On the facts of those cases, though not in all cases, possession was incident to sale.

The felony of "felony-firearm" consists of two elements: a) carrying or possession of a firearm, b) while committing or attempting to commit a felony (other than carrying a concealed weapon). Where the carrying of a firearm is unrelated to the underlying felony, punishment for committing the underlying felony and also for carrying a firearm while doing so is not double punishment. But where a firearm is *used* to commit the underlying felony, the underlying felony is necessarily included in felony-firearm since it is impossible to commit a felony by using a firearm without at the same time possessing or carrying the firearm during the felony. Possession or carrying is necessary and incidental to use, just as possession of heroin was necessary and incidental to its delivery in *Martin* and *Stewart.* In such circumstances, only one conviction can be sustained.

I do not disagree with the goal of the Legislature. Discouraging the use of firearms in the commission of crimes is clearly a proper matter for legislative concern. However, the Legislature has attacked the problem in a constitutionally impermissible manner. By making felony-firearm an independent felony, the Legislature has undermined its own legislative intent. Most states which have enacted similar statutes have merely augmented the punishment for crimes in which a

firearm is used,[1] whereas in Michigan the Legislature has created a separate felony. Where, as here, a firearm is used in the commission of a felony, only one conviction can be sustained. Therefore if a defendant is convicted of the "lesser" underlying felony, he or she cannot be convicted of felony-firearm and the legislative intent, additional punishment for use of a firearm during the commission of a felony, is defeated. On the other hand, if a defendant is convicted of the greater offense, felony-firearm, he or she may only be imprisoned for two years for a first offense, five years for a second offense and ten years for a third offense—all of which are shorter sentences than could be imposed for conviction of many of the "lesser" felonies. Again the intent of the Legislature is defeated by the adoption of a statutory scheme which creates a separate felony rather than merely enhancing the punishment for crimes involving the use of a firearm.

To hold otherwise would be to establish a dangerous precedent and would be to say that double jeopardy questions are to be resolved through an examination of "legislative intent" and that the Legislature is free to determine whether its own acts are or are not violative of the protections afforded citizens by the state and Federal constitutions. Historically it has been the duty of the courts to interpret constitutional provisions and to determine whether a legislative act runs afoul of some constitutional guarantee. No matter how clear the legislative intent, a statute cannot deprive a citizen of fundamental constitutional rights. I readily concede that the intent of the Legislature is clear in the felony-firearm statute.

---

[1] *See generally, Woofter v O'Donnell,* 91 Nev 756; 542 P2d 1396 (1975).

However, even the clearest and best of intentions cannot save the statute from its constitutional infirmity. A legislative scheme which allows conviction of both the greater and the lesser included offenses deprives a defendant of the protections afforded by the double jeopardy clauses of the state and Federal constitutions.

Defendant Brintley's conviction and sentence for "felony-firearm" is therefore set aside. His conviction and sentence for armed robbery shall stand.

Affirmed in part; reversed in part.