PEOPLE v McDOWELL

Docket No. 77-2742. Submitted December 20, 1977, at Detroit.—Decided September 20, 1978. Leave to appeal applied for.

William G. McDowell was arrested and charged with assault with intent to commit murder and with possession of a firearm during the commission of a felony. Both charges are based on the same alleged facts—that the defendant fired a gun through the door of a van occupied by eight off-duty police officers, one of whom was wounded in the foot. The defendant's motion to quash one or both counts or, alternatively, to compel the prosecutor to elect between them was denied, Recorder's Court of Detroit, Albert P. Horrigan, J. The defendant appeals by leave granted, claiming that he would be placed twice in jeopardy for the same offense by having to defend against prosecution on both counts. *Held:*

An examination of the felony-firearm statute unequivocally demonstrates the intent of the Legislature to define and prescribe punishment for an offense separate and distinct from the substantive felonies to which it applies. The felony-firearm statute is inoperable only if viewed as a separate distinct felony

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 16 Am Jur 2d, Constitutional Law § 332.
  21 Am Jur 2d, Criminal Law § 166.
  Limitations under double jeopardy clause of Fifth Amendment upon state criminal prosecutions—Supreme Court cases. 25 L Ed 2d 968.
[2, 3, 5, 6, 9] 21 Am Jur 2d, Criminal Law §§ 182, 185, 187–189.
  Due process as violated by successive state trials for single offense or for multiple offenses of the same character, committed simultaneously—Supreme Court cases. 2 L Ed 2d 2020.
[4, 5] 73 Am Jur 2d, Statutes § 145.
[5] 73 Am Jur 2d, Statutes §§ 294, 295.
[7] 16 Am Jur 2d, Constitutional Law § 137 *et seq.*
  73 Am Jur 2d, Statutes § 37.
[8] 73 Am Jur 2d, Statutes § 200.
[10] 21 Am Jur 2d, Criminal Law §§ 175, 176.
[11, 12] 21 Am Jur 2d, Criminal Law §§ 188, 189.
[13, 14] 21 Am Jur 2d, Criminal Law §§ 185–187, 189, 212.
[15] 21 Am Jur 2d, Criminal Law §§ 165, 166.

statute. The statute should be viewed as a sentence enhancement or sentence augmenting statute. The trial court's denial of the defendant's motion to quash was proper.

Affirmed. (BEASLEY, J., concurred in result.)

D. E. HOLBROOK, JR., J., concurred in the result but he would hold that the double jeopardy issue is prematurely raised because the defendant has not been placed in jeopardy once, let alone twice, at this point. The mere fact that the defendant is charged with both offenses does not put him twice in jeopardy.

He believes that if the defendant were ultimately convicted of both offenses there would be a double jeopardy violation because assault with intent to commit murder is a lesser included offense of the felony-firearm crime under the circumstances of this case and the defendant may not be convicted of both the lesser and the greater offense. He would hold that a statute may not deprive a citizen of fundamental constitutional rights, no matter how clear the legislative intent.

OPINION OF BASHARA, P. J.

1. CONSTITUTIONAL LAW—DOUBLE JEOPARDY.

*Michigan's double jeopardy provision is coterminous in operational scope with that of its Federal counterpart.*

2. CONSTITUTIONAL LAW—DOUBLE JEOPARDY—DUE PROCESS—LESSER INCLUDED OFFENSES—FUNDAMENTAL FAIRNESS.

*Standards for a determination of the "same offense" for double jeopardy purposes require an examination of each statutory offense to determine whether one requires proof of an additional fact which the other does not; under this theory, merger takes place where one of two offenses charged is a necessarily lesser included offense of the other and convictions for both, arising out of the same act, are constitutionally impermissible.*

3. CONSTITUTIONAL LAW—DOUBLE JEOPARDY—FELONY-FIREARM—NECESSARILY INCLUDED LESSER OFFENSES.

*Convictions of both felony-firearm and the underlying felony violate constitutional guarantees against double jeopardy in that the underlying felony will always be a necessarily included lesser offense of felony-firearm; however, this does not mean that the Court of Appeals finds the felony-firearm statute, when considered in its entirety, unconstitutional.*

4. STATUTES—STATUTORY CONSTRUCTION—LEGISLATIVE INTENT—LETTER OF LAW—SPIRIT OF LAW.

*The primary rule governing statutory construction is first and*

*foremost to ascertain and give effect to the manifest intent of the Legislature; where the real design of the Legislature in ordaining a statute, although not precisely expressed, is yet plainly perceivable or may be ascertained with reasonable certainty, the language of the statute must be given such a construction as will carry that design into effect, even though, in so doing, the exact letter of the law will be sacrificed, or though the construction be, indeed, contrary to the letter.*

5. STATUTES—CRIMINAL LAW—LEGISLATIVE INTENT—FELONY-FIRE-ARM STATUTE—STATUTORY CONSTRUCTION.

*The legislative intent behind the felony-firearm statute so clearly indicates a mandatory additional penalty when a firearm is used or possessed during the commission of a felony that it is incumbent upon the Court of Appeals to uphold, if at all possible, such a clear statutory mandate, within the limits of constitutional proscription.*

6. STATUTES—CRIMINAL LAW—FELONY-FIREARM STATUTE—SENTENCE ENHANCEMENT STATUTE—SEPARATE DISTINCT FELONY.

*The felony-firearm statute is a sentence enhancement or sentence augmenting statute and should be construed to be inoperable only as a separate distinct felony.*

7. CONSTITUTIONAL LAW—STATUTES—PRESUMPTION OF CONSTITUTION-ALITY.

*Every legislative act is presumed to be constitutional; the courts are required, whenever possible, to construe in favor of validity.*

8. CRIMINAL LAW—CONSTITUTIONAL LAW—FELONY-FIREARM STATUTE —REMOVAL OF OFFENSIVE LANGUAGE—ACT COMPLETE WITHIN ITSELF.

*The felony-firearm statute with its offensive language removed is still an act complete within itself; it does not require references to other statutes for its meaning, nor does it alter or amend another statute by references to title; in scope and application it can be analogized to the habitual offender statute which has been found to be constitutional; as such, it is not constitution-ally offensive.*

OPINION OF BEASLEY, J.

9. CONSTITUTIONAL LAW—CRIMINAL LAW—STATUTES—FELONY-FIRE-ARM STATUTE.

*The felony-firearm statute is constitutional.*

OPINION OF D. E. HOLBROOK, JR., J.

10. CONSTITUTIONAL LAW—JEOPARDY—TRIER OF FACT—ATTACHMENT OF JEOPARDY.

*A criminal defendant is not placed in jeopardy until he is put to trial before the trier of facts; jeopardy does not attach until the jury is impaneled and sworn or, in a bench trial, until the court begins to hear evidence.*

11. CONSTITUTIONAL LAW—DOUBLE JEOPARDY—SINGLE TRANSACTION—DOUBLE PUNISHMENT—MOTION TO QUASH.

*The mere fact that a defendant is charged with two crimes arising out of a single transaction does not put him twice in jeopardy, even if it is true that conviction on both counts would constitute double punishment; therefore, a defendant's appeal, raising the issue of double jeopardy, from a trial court's denial of the defendant's motion to quash one or both counts arising out of a single transaction is premature because the defendant has not been placed in jeopardy.*

12. CRIMINAL LAW—SINGLE TRANSACTION—LEGISLATIVE INTENT—NECESSARILY LESSER INCLUDED OFFENSES—DOUBLE PUNISHMENT.

*A single act may violate more than one criminal statute where this is the clear legislative intent; however, where one of two offenses charged is necessarily a lesser included offense of the other, convictions for both based on the same act amount to unconstitutional double punishment.*

13. CRIMINAL LAW—NECESSARILY LESSER INCLUDED OFFENSES.

*A necessarily lesser included offense is an offense where it is impossible to commit the greater without first having committed the lesser; some offenses are never necessarily included in others on any set of facts because they share no elements; other offenses are always necessarily included in others because one consists of all of the elements of the other, plus more.*

14. CRIMINAL LAW—FELONY-FIREARM—LESSER INCLUDED OFFENSES.

*The felony of the "felony-firearm" crime consists of two elements: (1) carrying or possession of a firearm, (2) while committing or attempting to commit a felony other than carry a concealed weapon; where the carrying of a firearm is unrelated to the underlying felony, punishment for committing the underlying felony and also carrying a firearm while doing so is not double punishment; but where a firearm is used to commit the underlying felony, the underlying felony is necessarily included in the felony-firearm crime because it is impossible to commit a*

*felony by using a firearm without at the same time possessing or carrying the firearm during the felony.*

15. CONSTITUTIONAL LAW—DOUBLE JEOPARDY—LEGISLATIVE INTENT— FUNDAMENTAL CONSTITUTIONAL RIGHTS.

*Double jeopardy questions should not be resolved through an examination of legislative intent; a statute cannot deprive a citizen of fundamental constitutional rights.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Principal Attorney, Appeals, and *Paul C. Louisell,* Assistant Prosecuting Attorney, for the people.

*Curtis G. Rundell, II, P. C.* for defendant on appeal.

Before: BASHARA, P. J., and BEASLEY and D. E. HOLBROOK, JR., JJ.

BASHARA, P. J. Our brother's opinion delineates the salient facts upon which the defendant bases his constitutional challenge to the felony-firearm statute.[1] However, we neither conclude that the question is prematurely presented nor that the

---

[1] MCL 750.227b; MSA 28.424(2), added by 1976 PA 6, § 1, Eff Jan. 1, 1977.

"(1) A person who carries or has in his possession a firearm at the time he commits or attempts to commit a felony, except the violation of section 227 [1931 PA 328], or 227a, is guilty of a felony, and shall be imprisoned for 2 years. Upon a second conviction under this section, the person shall be imprisoned for 5 years. Upon a third or subsequent conviction under this section, the person shall be imprisoned for 10 years.

(2) The term of imprisonment prescribed by this section shall be in addition to the sentence imposed for the conviction of the felony or the attempt to commit the felony, and shall be served consecutively with and preceding any term of imprisonment imposed for the conviction of the felony or attempt to commit the felony.

(3) The term of imprisonment imposed under this section shall not be suspended. The person subject to the sentence mandated by this section shall not be eligible for parole or probation during the mandatory term imposed pursuant to subsection (1)."

statute, when construed, is completely violative of defendant's constitutional immunity from double jeopardy.[2]

The denial of defendant's motion to quash the felony-firearm charge placed the case in a posture where trial on both charges was imminent. The constitutional question involved was certified here, and we granted leave to appeal. That question is of sufficient moment to the defendant and the ultimate termination of this action against him that a determination on the merits, which have been fully briefed and argued, is warranted.

Initially, we observe that our state double jeopardy provision is coterminous in operational scope with that of its Federal counterpart. *People v Alvin Johnson,* 396 Mich 424, 430, n 2; 240 NW2d 729 (1976), *In re Ascher,* 130 Mich 540, 545; 90 NW 418 (1902). Both clauses afford protection from multiple prosecutions *and* multiple punishment for the "same offense". *North Carolina v Pearce,* 395 US 711; 89 S Ct 2072; 23 L Ed 2d 656 (1969).

Standards for determination of the "same offense" for double jeopardy purposes were enumerated in *Blockburger v United States,* 284 US 299; 52 S Ct 180; 76 L Ed 306 (1932). The test developed in *Blockburger* required an examination of the provisions of each statutory offense to determine whether one required proof of an additional fact which the other did not.

Michigan has held that under this theory, where one of two offenses charged is a necessarily lesser included offense of the other, merger takes place and convictions for both arising out of the same act are constitutionally impermissible. *People v Martin,* 398 Mich 303; 247 NW2d 303 (1976), *Peo-*

---

[2] The pertinent Federal and Michigan constitutional provisions are, respectively, US Const, Am V, and Const 1963, art 1, § 15.

*ple v Stewart (On Rehearing),* 400 Mich 540; 256 NW2d 31 (1977).

We must concede, in light of the foregoing precedent and the analysis therefrom, that conviction of both felony-firearm and the underlying felony violates double jeopardy in that the underlying felony will always be a necessarily lesser included offense of felony-firearm.

However, this does not mean that we find the statute, when considered in its entirety, unconstitutional. An important element that cannot be overlooked in statutory construction is the essential ingredient of legislative intent. The primary rule governing statutory interpretation is first and foremost to ascertain and give effect to the manifest intent of the Legislature. *Simpson v United States,* 435 US 6; 98 S Ct 909; 55 L Ed 2d 70 (1978), *Gore v United States,* 357 US 386; 78 S Ct 1280; 2 L Ed 2d 1405 (1958).

The intent of the statute so clearly indicates a mandatory additional penalty when a firearm is used or possessed during the commission of a felony that it is incumbent upon this Court to uphold, if at all possible, such a clear statutory mandate, within the limits of constitutional proscription. Purview of the legislative history emphasizes certainty of punishment as the prevailing consideration in enacting the statute under review.[3]

---

[3] The intention of the Legislature is typified by a statement made in the 1976 Journal of the Senate, No 5, p 65, by Senator Kammer:

"Mr. Chairman and colleagues, you know we have heard for 3 days arguments introduced of a great many varieties but it occurs to me that there is just one central question here. There seems to be some concurrence in the feeling that the individual who commits the crime ought to be punished. * * * We ought to be seeking some kind of criminal justice system that provides the measure of the punishment, matches the severity of the crime. And that is what we are discussing here today. *It seems to me that we are attempting to determine what kind of punishment will be offered the person who is convicted of*

Rather than strike down the statute in its entirety, we construe it to be inoperable only as a separate distinct felony statute. We view it rather as a sentence enhancement or sentence augmenting statute.

Such an interpretation has precedential sanctions in this state. In *Dickerson v Heide,* 69 Mich App 303, 308–309; 244 NW2d 459 (1976), this Court stated:

"We find this to be an especially cogent example of a situation where literal application of a statute would cause an unfortunate and unintended result and where rejection of the literal dictates will further the intent of the statute."

Every legislative act is presumed to be constitutional. The courts are required, wherever possible, to construe in favor of validity. Oftentimes it is necessary that the spirit and purpose of the statute should prevail over its strict letter, *Thomas v Consumers Power Co,* 58 Mich App 486, 495; 228 NW2d 786 (1975), *People v Otis Adams,* 34 Mich App 546, 555; 192 NW2d 19 (1971).

Our Michigan Supreme Court in *Williams v Secretary of State,* 338 Mich 202, 208; 60 NW2d 910 (1953), quotes with approval a particularly compelling maxim from Endlich on the Interpretation of Statutes, § 295:

" ' "Effect to be Given to True Intent of Act. Modification of Language.—Where the language of a statute, in its ordinary meaning and grammatical construction, leads to a manifest contradiction of the apparent purpose of the enactment, or to some inconvenience or absurdity, hardship or injustice, presumably not intended, a construction may be put upon it, which modi-

---

committing a felony while in possession of a handgun." (Emphasis supplied.)

fies the meaning of the words, and even the structure of the sentence. This is done, sometimes, by giving an unusual meaning to particular words; *sometimes by altering their collocation; or by rejecting them altogether;* or by interpolating other words; under the influence, no doubt, of an irresistible conviction that the legislature could not possibly have intended what its words signify, and that the modifications thus made are mere corrections of careless language, and really give the true intention. The ascertainment of the latter is the cardinal rule, or rather the end and object, of all construction; and where the real design of the legislature in ordaining a statute, although it be not precisely expressed, is yet plainly perceivable, or ascertained with reasonable certainty, *the language of the statute must be given such a construction as will carry that design into effect, even though, in so doing, the exact letter of the law be sacrificed,* or though the construction be, indeed, contrary to the letter." ' " (Emphasis supplied.)

See also *Grand Rapids v Crocker,* 219 Mich 178, 183; 189 NW 221 (1922).

The statute, with the offensive language removed, is still an act complete within itself. It does not require references to other statutes for its meaning, nor does it alter or amend another statute by reference to title. As such, it is not offensive to our state constitution.[4] In scope and application it can be analogized to the habitual offender[5] statute which the Michigan Supreme Court has found to be constitutional. *In re Pardee,* 327 Mich 13; 41 NW2d 466 (1950), *cert den,* 339 US 961; 70 S Ct 989; 94 L Ed 1371 (1950), *People v Hendrick,* 398 Mich 410; 247 NW2d 840 (1976).

Critics of the view herein embraced may contend

---

[4] Const 1963, art 4, § 25. *See also, Advisory Opinion re Constitutionality of 1972 PA 294,* 389 Mich 441, 472–473; 208 NW2d 469 (1973), and *People v Mahaney,* 13 Mich 481, 497 (1865).

[5] MCL 769.10 *et seq.;* MSA 28.1082 *et seq.*

that our decision invades the province of the Legislature. To the contrary, we sincerely believe that we have sustained the obvious intent of the Legislature by exercising proper judicial construction.

Affirmed.

Beasley, J. *(concurring)*. I concur with Judge Bashara in affirming.

My reasons for upholding the constitutionality of the felony-firearm statute as now constituted are set forth in *People v Walter Johnson,* 85 Mich App 654; 272 NW2d 605 (1978).

D. E. Holbrook, Jr., J. *(concurring in result).* The defendant is charged with assault with intent to commit murder, MCL 750.83; MSA 28.278, and with possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). Both charges are based on the same allegation— that the defendant fired a gun through the door of a van occupied by eight off-duty police officers, one of whom was wounded in the foot. Defendant appeals from the denial of his motion to quash one or both of the counts or, alternatively, to compel the prosecutor to elect between them. The trial judge did conclude that the case involves a controlling question of law as to which there is substantial ground for difference of opinion, and that an appeal from denial of the motion may materially advance the ultimate termination of the litigation. GCR 1963, 806.3(1)(a)(ii).

Defendant contends that in the circumstances of his case, he would be placed twice in jeopardy by having to defend against prosecution on both counts. I conclude that this issue is prematurely raised. The Federal and state constitutions provide that a criminal defendant cannot be put twice in jeopardy. US Const, Am V; Const 1963, art 1, § 15.

But a defendant is not placed in jeopardy until he is put to trial before the trier of facts; jeopardy does not attach until the jury is impaneled and sworn or, in a bench trial, until the court begins to hear evidence. *United States v Jorn,* 400 US 470, 479; 91 S Ct 547; 27 L Ed 2d 543 (1971), *Serfass v United States,* 420 US 377, 388; 95 S Ct 1055; 43 L Ed 2d 265 (1975), *People v Alvin Johnson,* 396 Mich 424, 431, n 3; 240 NW2d 729 (1976), *People v Gardner,* 37 Mich App 520, 525–526; 195 NW2d 62 (1972), *People v Pribble,* 72 Mich App 219, 223; 249 NW2d 363 (1976). Even if it is true that conviction on both counts would constitute double punishment, the mere fact that the defendant is charged with both does not put him twice in jeopardy. See *People v Goodchild,* 68 Mich App 226, 236–237; 242 NW2d 465 (1976), *lv den,* 397 Mich 830 (1976), *McDaniel v Jackson,* 78 Mich App 218; 259 NW2d 563 (1977). At this point, prior to trial, defendant has yet to be placed in jeopardy once, let alone twice. For this reason I would affirm the trial court.

However, I disagree with the majority's conclusion that there would be no double jeopardy violation if defendant is ultimately convicted of both crimes with which he is charged. Because assault with intent to commit murder is a lesser included offense of "felony-firearm", at least in this case, defendant may not be convicted of both the lesser and the greater offense.

Among the guarantees encompassed by the double jeopardy clause is protection against multiple punishment for the same offense. *North Carolina v Pearce,* 395 US 711, 717; 89 S Ct 2072; 23 L Ed 2d 656 (1969). It is beyond dispute that a single act may violate more than one criminal statute where this is the clear legislative intent. *Blockburger v*

*United States,* 284 US 299, 304; 52 S Ct 180; 76 L
Ed 306 (1932), *Gore v United States,* 357 US 386;
78 S Ct 1280; 2 L Ed 2d 1405 (1958), *People v
Bennett,* 71 Mich App 246, 248; 247 NW2d 368
(1976). But where one of two offenses charged is
necessarily a lesser included offense of the other,
convictions for both based on the same act amount
to unconstitutional double punishment. *People v
Martin,* 398 Mich 303; 247 NW2d 303 (1976), *People v Stewart (On Rehearing),* 400 Mich 540; 256
NW2d 31 (1977).

Based on the facts developed at the preliminary
examination, it appears that defendant's alleged
act of assault with intent to murder was necessarily a lesser included offense of felony-firearm. A
necessarily lesser included offense is an offense
such that it is impossible to commit the greater
without first having committed the lesser. *People v
Patskan,* 387 Mich 701, 713; 199 NW2d 458 (1972),
*People v Ora Jones,* 395 Mich 379, 387; 236 NW2d
461 (1975). Some offenses are never necessarily
included in others on any set of facts because they
share no elements. *E.g., People v Jones,* 75 Mich
App 261, 272; 254 NW2d 863 (1977) (gross indecency and assault with intent to commit gross
indecency). Other offenses are always necessarily
included in others because the latter consist of all
the elements of the former plus more. *E.g., People
v Hoffmeister,* 394 Mich 155, 157, n 1; 229 NW2d
305 (1975), *People v Carter,* 395 Mich 434, 437–
438; 236 NW2d 500 (1975) (second-degree murder
always included in first-degree murder). In these
polar cases of mutual exclusivity, the question of
lesser included offenses is answerable by reference
to the elements of the offense without an analysis
of the facts of the particular case. But this is not
always true. There are offenses which are neces-

sarily lesser included offenses of others *as a matter of fact* but not as a matter of legal or logical necessity. In such situations, it becomes necessary to elect between a purely legal and factual analysis of necessarily lesser included offenses:

"A necessarily included offense can reasonably mean a lesser offense which would always be committed when the main offense was committed. It can be decided in the abstract without any reference to an individual case; for example, assault is always found in assault with intent to kill. Conversely, it could also be one which, as a factual matter, was shown at trial to have been a method not identical to, but included within, the major crime. Thus felonious assault would be a lesser included offense of assault with intent to kill if the method of assault was use of a gun." Koenig, *The Many-Headed Hydra of Lesser Included Offenses: A Herculean Task for the Michigan Courts,* 1 DCL Rev 41, 44 (1975).

In the *Martin* and *Stewart* cases, *supra,* the Michigan Supreme Court adopted the factual analysis of lesser included offenses. In both cases the Court held that convictions for possession and delivery of heroin could not both be sustained where there was no evidence of possession apart from the sale. On the facts of those cases, though not in all cases, possession was incident to sale:

"Testimony at trial indicated that a police informant brought *[sic]* 1/2 ounce of heroin directly from defendant. The defendant personally cut the heroin and delivered it to the informant. Defendant was charged in a two-count information with (1) delivery and (2) possession of a certain 15.62 grams of heroin. There is no dispute over the fact that it was the same 15.62 grams of heroin in each count.

"Possession of the heroin present in *this case* was that necessary to its delivery.

"*On the evidence adduced at this trial,* there is no doubt that unlawful possession was a lesser included offense of delivery.

"When the jury found defendant guilty of unlawful delivery of this heroin *on the evidence in this record* they necessarily found him in possession of it.

" 'It is elementary that the State cannot divide a single offense into several parts according to time and conduct and base separate prosecutions upon and impose separate punishments for the various necessary divisions of that single crime. * * *

" 'The possession of narcotic drugs is an offense distinct from the sale thereof. *But in the instant case the possession and sale clearly constituted one single and same act.* The possession, as legally defined, is necessarily a constituent part of the sale, as legally defined. Where the only possession of the narcotic drug is that incident to and necessary for the sale thereof, and it does not appear that there was possession before or after and apart from such sale, the State cannot fragment the accused's involvement into separate and distinct actions or transactions to obtain multiple convictions and separate convictions under such circumstances will not stand. * * * The error is not cured by the fact that the trial Court permitted the two sentences to run concurrently. * * * The conviction and sentence upon the charge of possession must be set aside.' *State v Allen,* 292 A2d 167, 172 (Me, 1972).

*     *     *

"A defendant may be charged and tried for each act that constitutes a separate crime. However, when tried for an act which includes lesser offenses, if the jury finds guilt of the greater, the defendant may not also be convicted separately of the lesser included offense. The prohibition against multiple punishment for the same crime cannot be avoided by the form of the charge. 'The form of pleading cannot assume such importance that it will permit defendant to be convicted of both the included and greater offense.' *People v Greer,* 30 Cal 2d 589, 599; 184 P2d 512, 518 (1947). Accord, *United States v Belt,* 516 F2d 873 (CA 8, 1975), *cert den* 423 US 1056;

96 S Ct 790; 46 L Ed 2d 646 (1976)." *People v Martin,
supra,* at 307–309. (Emphasis supplied.)

In *Stewart* the Court stated:

"*In a given case,* sale may be found without posses-
sion. Likewise, possession may be determined without
sale. However, *depending upon the facts developed at
trial,* when the circumstance of possession is not severa-
ble or apart from a sale and the jury concludes the
defendant is guilty of sale, then the possession blends
together with the sale so as to constitute one single
wrongful act.

"Therefore, *from the evidence adduced at this trial,*
the illegal possession of heroin was obviously a lesser
included offense of the illegal sale of heroin. When the
jury *in the case at bar* found the defendant guilty of the
illegal sale of this heroin, they necessarily found him
guilty of possession of the same heroin." *Stewart* at 548.
(Emphasis supplied.)

In the case at hand, the people concede that as a
matter of fact, assault with intent to commit mur-
der was a lesser necessarily included offense of
felony-firearm. The felony of "felony-firearm" con-
sists of two elements: a) carrying or possession of a
firearm, b) while committing or attempting to
commit a felony (other than carrying a concealed
weapon). Where the carrying of a firearm is unre-
lated to the underlying felony, punishment for
committing the underlying felony and also for
carrying a firearm while doing so is not double
punishment. But where a firearm is *used* to com-
mit the underlying felony, the underlying felony is
necessarily included in felony-firearm because it is
impossible to commit a felony by using a firearm
without at the same time possessing or carrying
the firearm during the felony. Possession or carry-
ing is necessary and incidental to use, just as

possession of heroin was necessary and incidental
to its delivery in *Martin* and *Stewart*. In such
circumstances, only one conviction can be sus-
tained.

I do not disagree with the goal of the Legisla-
ture. Discouraging the use of firearms in the com-
mission of crimes is clearly a proper matter for
legislative concern. However, the Legislature has
attacked the problem in a constitutionally imper-
missible manner. By making felony-firearm an
independent felony, the Legislature has under-
mined its own legislative intent. Most states which
have enacted similar statutes have merely aug-
mented the punishment for crimes in which a
firearm is used,[1] whereas in Michigan the Legisla-
ture has created a separate felony. Where, as here,
a firearm is used in the commission of a felony,
only one conviction can be sustained. Therefore if
a defendant is convicted of the "lesser" underlying
felony, he or she cannot be convicted of felony-
firearm and the legislative intent, additional pun-
ishment for use of a firearm during the commis-
sion of a felony, is defeated. On the other hand, if
a defendant is convicted of the greater offense,
felony-firearm, he or she may only be imprisoned
for two years for a first offense, five years for a
second offense and ten years for a third offense—
all of which are shorter sentences than could be
imposed for conviction of many of the "lesser"
felonies. Again the intent of the Legislature is
defeated by the adoption of a statutory scheme
which creates a separate felony rather than
merely enhancing the punishment for crimes in-
volving the use of a firearm.

In closing, I feel compelled to comment on what

---

[1] *See generally, Woofter v O'Donnell,* 91 Nev 756; 542 P2d 1396
(1975).

I believe to be a dangerous precedent set by the majority. By holding that double jeopardy questions are to be resolved through an examination of "legislative intent", the majority essentially holds that the Legislature is free to determine whether its own acts are or are not violative of the protections afforded citizens by the state and Federal constitutions. Historically it has been the duty of the courts to interpret constitutional provisions and to determine whether a legislative act runs afoul of some constitutional guarantee. No matter how clear the legislative intent, a statute cannot deprive a citizen of fundamental constitutional rights. I readily concede that the intent of the Legislature is clear in the felony-firearm statute. However, even the clearest and best of intentions cannot save the statute from its constitutional infirmity. A legislative scheme which allows conviction of both the greater and the lesser included offenses deprives a defendant of the protections afforded by the double jeopardy clauses of the state and Federal constitutions.