PEOPLE v BURTON

Docket No. 77-4463. Submitted October 3, 1978, at Lansing.—Decided December 8, 1978.

Edwin E. Burton was convicted, on his plea of guilty, of felonious assault and possession of a firearm at the time of commission or attempted commission of the felony. The defendant's subsequent motion to dismiss the felony-firearm count because of alleged constitutional deficiencies in the felony-firearm statute was denied in Hillsdale Circuit Court, Kenneth G. Prettie, J. The defendant appeals, raising the issue of whether the convictions for both the underlying felony and the use of a firearm in the commission of the felony constitute a violation of his constitutional guarantee against double jeopardy. *Held:*

The felony-firearm statute is to be viewed as a sentence enhancement statute and that portion of the felony-firearm statute which creates a separate and distinct felony for the possession of a firearm in the commission of the underlying felony is inoperable. Thus the defendant's separate conviction for possession of the firearm in the commission of the underlying felony is reversed, but the sentence for conviction on the underlying felony, as enhanced by the mandatory sentence of the felony-firearm statute, is affirmed.

Affirmed in part and reversed in part.

1. CONSTITUTIONAL LAW—CRIMINAL LAW—OVERBREADTH CHALLENGE —APPLICABILITY OF STATUTE TO DEFENDANT.

A defendant may not challenge the constitutionality of a criminal statute on the grounds that the statute is overbroad as to him where the statute is clearly applicable to the defendant's conduct.

REFERENCES FOR POINTS IN HEADNOTES
[1] 16 Am Jur 2d, Constituional Law § 504.
[2] 21 Am Jur 2d, Criminal Law § 189.
[3] 21 Am Jur 2d, Criminal Law §§ 165, 185.
[4] 73 Am Jur 2d, Statutes § 546.
[5] 73 Am Jur 2d, Statutes §§ 272, 273.
[6] 21 Am Jur 2d, Criminal Law § 546.

2. CRIMINAL LAW—FELONY-FIREARM—UNDERLYING FELONY—NECESSARILY INCLUDED OFFENSES—STATUTES.

The underlying felony, in a felony-firearm case, is always a necessarily included offense of the separate offense of felony-firearm if the felony-firearm statute is literally read since that statute states that an underlying felony must be shown in order to find the separate crime of felony-firearm (MCL 750.227[b]; MSA 28.424[2]).

3. CONSTITUTIONAL LAW—CRIMINAL LAW—DOUBLE JEOPARDY—NECESSARILY INCLUDED OFFENSES.

Convictions for two offenses based on the same act constitute double punishment where one offense is a necessarily included offense of the other.

4. CONSTITUTIONAL LAW—CRIMINAL LAW—DOUBLE JEOPARDY—FELONY-FIREARM—SENTENCE AUGMENTING STATUTE—STATUTES.

There is no double jeopardy problem with the felony-firearm statute if the statute is viewed as a sentence increasing or sentence augmenting statute, as was the intent of the Legislature, rather than viewing the statute as creating a separate and distinct felony (MCL 750.227[b]; MSA 28.424[2]).

5. STATUTES—STATUTORY CONSTRUCTION—MODIFICATION OF MEANING OF WORDS—ABSURD RESULT—LEGISLATIVE INTENT.

A statute may be construed in a manner which modifies the meaning of the words, or even modifies the structure of a sentence, where the language of the statute, in its ordinary meaning and grammatical construction, leads to a manifest contradiction of the apparent purpose of the enactment, or to some inconvenience or absurdity, hardship or injustice, presumably not intended by the Legislature.

6. CRIMINAL LAW—FELONY-FIREARM—SEPARATE OFFENSES—ADDITIONAL SENTENCE—STATUTE.

The portion of the felony-firearm statute which creates a separate offense is inoperable, but that portion of the statute which sets forth an additional mandatory term of imprisonment for the conviction for an underlying felony when a firearm is used in its perpetration or attempted perpetration is valid (MCL 750.227[b]; MSA 28.424[2]).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Robert C. Zeller,* Prosecuting Attorney (Prosecuting Attorneys

Appellate Service, *Thomas C. Nelson,* Assistant Attorney General, of counsel), for the people.

*Gibbons & Nye,* for defendant on appeal.

Before: V. J. Brennan, P.J., and Allen and P. F. O'Connell,* JJ.

Per Curiam. Once again this Court is asked to determine whether Michigan's felony-firearm statute MCL 750.227(b); MSA 28.424(2) is violative of the constitutional protection against double jeopardy. On this issue, prior panels of this Court have divided almost evenly.[1] This panel holds the statute constitutional.

In a three-count information, defendant was charged with (I) assault with intent to do great bodily harm less than murder, MCL 750.84; MSA 28.279, (II) felonious assault, MCL 750.82; MSA 28.277, and (III) possession of a firearm at the time of commission or attempted commission of a felony, MCL 750.227(b); MSA 28.424(2). Pursuant to a plea agreement, defendant entered pleas of guilty to counts II and III. On September 26, 1977, a

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] On September 20, 1978, the Court of Appeals released six opinions dealing with the question of whether the additional crime of felony-firearm over an underlying felony containing the use of a firearm constitutes double jeopardy. Three opinions found double jeopardy. *Wayne County Prosecutor v Recorders Court Judge,* 85 Mich App 727; 272 NW2d 587 (1978), *People v Brintley,* 85 Mich App 714; 272 NW2d 582 (1978), *People v Berry,* 85 Mich App 764; 272 NW2d 604 (1978). Four opinions found the statute nonviolative of the constitutional prohibition against double jeopardy. *People v Walter Johnson,* 85 Mich App 654; 272 NW2d 605 (1978). *People v Gary Hughes,* 85 Mich App 674; 272 NW2d 567 (1978), *People v Mitchell,* 85 Mich App 757; 272 NW2d 601 (1978), *People v McDowell,* 85 Mich App 697; 272 NW2d 576 (1978). On September 21, 1978, Chief Judge Danhof advised the Supreme Court of the split and requested that leave be granted and the issue decided. *People v Ronald Blount,* 87 Mich App 501; 275 NW2d 21 (1978), follows the *McDowell*-type rationale and upholds the sentence.

hearing was held on defendant's motion to dismiss count III based on alleged constitutional deficiencies of the felony-firearm statute. Following argument, the court denied the motion and sentenced defendant to 32 months to 4 years on count II, said sentence to be served consecutively with the mandatory 2-year term under count III.

We reject defendant's initial argument that the felony-firearm statute is unconstitutional for overbreadth. Clearly, it is not overbroad in relation to defendant's conduct. One may not constitutionally challenge a statute on grounds of overbreadth against him when the statute clearly applies. *People v Chapman,* 80 Mich App 583; 264 NW2d 69 (1978).

On the sensitive question of double jeopardy, strong and persuasive reasons support each of the conflicting conclusions of the several panels which have addressed the issue. No useful purpose is served by detailing at length the arguments offered in support of the conflicting positions of prior panels. Instead, the task of this panel is to briefly state the opposing views and decide which of the two positions most merits support.

The decisions finding double jeopardy do so by reading the statute literally. Literally read, the statute states that an underlying felony must be shown in order to find the separate crime of felony firearm. Consequently, the underlying felony is always a necessarily included offense of the separate offense of felony firearm. *People v Ora Jones,* 395 Mich 379; 236 NW2d 461 (1975). But our Supreme Court has held that where one of two offenses charged is a necessarily included offense of the other, convictions for both based on the same act constitutes double punishment. *People v Martin,* 398 Mich 303; 247 NW2d 303 (1976), *Peo-*

*ple v Stewart (On Remand),* 400 Mich 540; 256 NW2d 31 (1977).

Decisions which find no double jeopardy infirmity do so by ignoring the literal reading of the statute and looking to legislative intent. In these decisions the Court finds that the Legislature intended to augment the sentence where a firearm was carried in the commission of a felony. In effect, the statute becomes a sentence-increasing or sentence-augmenting statute. Since the Legislature could have provided by amendment to the underlying felony statute a minimal punishment where the underlying felony is committed with a firearm and since, under *Gore v United States,* 357 US 386; 78 S Ct 1280; 2 L Ed 2d 1405 (1958), such amendment would not offend the double jeopardy clause, there is no double jeopardy impediment where the same result is reached by separate statute.[2]

It is the conclusion of this panel that the better reasoning lies with the decisions upholding the statute. The legislative intent is so clear that to us it is absurd, or at least awkward, to place technicalities ahead of intent. As was stated in *Williams v Secretary of State,* 338 Mich 202, 208; 60 NW2d 910 (1953), and quoted with approval in *McDowell, supra:*

" 'Effect to be Given to True Intent of Act. Modification of Language.—Where the language of a statute, in its ordinary meaning and grammatical construction,

---

[2] While all five of the cases finding no double jeopardy do so on the basis of legislative intent, three would sustain the felony-firearm conviction. *People v Walter Johnson, supra; People v Gary Hughes, supra, People v Brintley, supra.* In the other two cases *(McDowell, supra,* and *Blount, supra)* the statute is held inoperable as a separate and distinct felony of felony-firearm but nevertheless valid as a sentence enhancement to the underlying felony. *See* the opinion by Bashara, J., in *McDowell* for a detailed explanation of the rationale used.

leads to a manifest contradiction of the apparent purpose of the enactment, or to some inconvenience or absurdity, hardship or injustice, presumably not intended, a construction may be put upon it, which modifies the meaning of the words, and even the structure of the sentence.' ''

This panel adopts by reference the *McDowell-Blount, supra,* rationale and holds inoperable that portion of the felony-firearm statute which creates a separate offense but sustains the defendant's sentence on grounds that with the offending language removed, the statute sets forth a mandatory minimum term of incarceration on the underlying felony.

Defendant's conviction for felony firearm is set aside. The sentence is affirmed.