PEOPLE v McGORE

Docket No. 78-1076. Submitted November 8, 1978, at Detroit.—Decided January 17, 1979. Leave to appeal applied for.

Darrel McGore was convicted, on his plea of guilty, of possession of heroin and possession of a firearm during the commission of a felony, Recorder's Court of Detroit, Joseph A. Gillis, J. The defendant appeals, alleging that the felony-firearm statute is to be applied only to crimes which endanger people where a firearm is often used in the commission of that crime and that, since possession of heroin does not endanger people or require the use of a weapon, the felony-firearm statute should not be applied to him. *Held:*

1. The felony-firearm statute does not require use of a weapon, only possession, and the defendant did have possession of a firearm during the commission of the felony, possession of heroin. The possession of heroin is not one of the felonies excepted from the coverage of the felony-firearm statute. The defendant's conduct does fall within the ambit of the felony-firearm statute.

2. The underlying felony in a felony-firearm prosecution is a necessarily included offense of felony-firearm. Thus it was a violation of the defendant's guarantees against double jeopardy to convict the defendant of both the underlying felony and felony-firearm.

The defendant's conviction and sentence for felony-firearm are vacated, the conviction and sentence for possession of heroin are affirmed.

ALLEN, P.J., dissented. He would hold inoperable that portion of the felony-firearm statute which creates a separate offense. Also, he would reverse the defendant's separate conviction for a violation of the felony-firearm statute, but would affirm the defendant's conviction for possession of heroin and would affirm

REFERENCES FOR POINTS IN HEADNOTES
[1] 79 Am Jur 2d, Weapons and Firearms § 3.
[2] 21 Am Jur 2d, Criminal Law § 181 *et seq.*
[3] 21 Am Jur 2d, Criminal Law §§ 569-572, 583-585.

the defendant's sentence imposed for that conviction, as enhanced by the mandatory term of the felony-firearm statute.

### Opinion of the Court

1. Criminal Law — Felony-Firearm Statute — Application of Statute.

   The application of the felony-firearm statute is not limited only to those felonies where people are generally endangered by the use of a weapon (MCL 750.227b; MSA 28.424[2]).

2. Constitutional Law — Double Jeopardy — Felony-Firearm — Necessarily Included Offense — Statutes.

   The underlying felony involved in a violation of the felony-firearm statute is a necessarily included offense in the crime of felony-firearm and, as such, punishment for both offenses is violative of the constitutional prohibition of double jeopardy (MCL 750.227b; MSA 28.424[2]).

### Dissent by Allen, P.J.

3. Criminal Law — Felony-Firearm — Sentence Enhancement Statute — Underlying Felony — Statutes.

   *The felony-firearm statute is to be viewed as a sentence enhancement statute and not as a statute which creates a separate offense; therefore, where a defendant has been convicted of an underlying felony and of possession of a firearm in the commission or attempted commission of the underlying felony, the separate conviction for felony-firearm should be reversed but the sentence for the underlying felony, as augmented by the mandatory sentence provision of the felony-firearm statute, should be affirmed (MCL 750.227b; MSA 28.424[2]).*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Principal Attorney, Appeals, and *Robert A. Reuther,* Assistant Prosecuting Attorney, for the people.

*Townsend, Haley & Overton,* for defendant on appeal.

Before: ALLEN, P.J., and R. M. MAHER and J. E. TOWNSEND,* JJ.

PER CURIAM. Defendant was arrested for possession of heroin as he walked down the steps of a hotel. When he saw the police he attempted to discard the heroin. He also tried to get rid of a gun which he had concealed under his coat. Following a plea of guilty to a charge of possession of heroin, MCL 335.341; MSA 18.1070(41), and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2), he was sentenced to two years probation on the possession of heroin conviction and two years in prison on the felony-firearm conviction, and appeals of right.

On appeal, defendant raises an issue of apparent first impression. He argues that the felony-firearm statute is designed to be applied only to crimes which endanger people where a firearm is often used in their commission. Since possession of heroin does not endanger people or require the use of a weapon, defendant contends that the felony-firearm statute should not be applied to him.

The wording of the statute belies defendant's contention. MCL 750.227b; MSA 28.424(2) creates a felony and provides for punishment where a person "carries or has in his possession a firearm at the time he commits or attempts to commit a felony". The statute does not require use of a weapon, only possession, and defendant did have a firearm in his possession when he committed the felony of possession of heroin. The statute further provides an exception to the crime when the underlying felony is carrying a concealed weapon or possession of a pistol outside the scope of a license. Hence, the Legislature considered exceptions to

* Circuit judge, sitting on the Court of Appeals by assignment.

the statute, and decided not to limit the statute only to crimes where people generally are endangered by the use of a weapon, as defendant suggests. This panel unanimously holds that defendant's conduct falls within the ambit of the statute.

Prior panels of this Court have divided almost evenly on the question of whether the felony-firearm statute is violative of the constitutional protection against double jeopardy.[1] The members of this panel also divide on this question which, though not raised in defendant's brief, we feel in fairness should be raised by this Court. No useful purpose is served by restating at length the rationale of the conflicting opinions. Instead, two members of this panel incorporate by reference the majority opinion in *Wayne County Prosecutor v Recorders Court Judge, supra,* and *People v Berry, supra,* and the majority opinion of this panel in *People v Harris, post,* 88 Mich App 280; 276 NW2d 582 (1978). Those opinions hold that the underlying felony is a necessarily included offense of the felony-firearm charge and, as such, punishment for both offenses is violative of the constitutional prohibition of double jeopardy. Under those decisions the conviction for the underlying felony (posses-

---

[1] On September 20, 1978, the Court of Appeals released six opinions dealing with the question of whether the additional crime of felony-firearm over an underlying felony containing the use of a firearm constitutes double jeopardy. Three opinions found double jeopardy. *Wayne County Prosecutor v Recorder's Court Judge,* 85 Mich App 727; 272 NW2d 587 (1978), *People v Brintley,* 85 Mich App 714; 272 NW2d 582 (1978), *People v Berry,* 85 Mich App 764; 272 NW2d 604 (1978). Four opinions found the statute nonviolative of the constitutional prohibition against double jeopardy. *People v Walter Johnson,* 85 Mich App 654; 272 NW2d 605 (1978), *People v Gary Hughes,* 85 Mich App 674; 272 NW2d 567 (1978), *People v Mitchell,* 85 Mich App 757; 272 NW2d 601 (1978), *People v McDowell,* 85 Mich App 697; 272 NW2d 576 (1978). On September 21, 1978, Chief Judge DANHOF advised the Supreme Court of the split and requested that leave be granted and the issue decided. *People v Blount,* 87 Mich App 501; 275 NW2d 21 (1978), follows the *McDowell*-type rationale and upholds the sentence.

sion of heroin in the case before us) was affirmed
and the conviction under the felony-firearm stat-
ute was vacated.

Accordingly, in the case before us defendant's
conviction and sentence to two years in prison for
felony-firearm are vacated and the conviction and
sentence for possession of heroin are affirmed.

ALLEN, P.J. *(dissenting)*. I agree with the major-
ity that the felony-firearm statute applies in the
present case even though the 20-gauge shotgun
was not used in the possession of heroin offense. I
disagree that double jeopardy attaches. In support
of my dissent I adopt by reference the majority
opinion in *People v McDowell,* 85 Mich App 697;
272 NW2d 576 (1978), and in *People v Burton,* 87
Mich App 598; 274 NW2d 849 (1978).

Under those opinions, that part of the felony-
firearm statute which creates a separate offense is
found inoperable and with the offending language
thus removed, the statute is construed to be a
minimum sentencing statute setting forth a man-
datory minimum term of incarceration for the
underlying felony. In the case before us the under-
lying felony is possession of heroin for which
defendant was given two years probation. Under
the felony-firearm statute the minimum manda-
tory sentence would be two years in prison. I
would affirm defendant's conviction and sentence
in full.