PEOPLE *v.* COOK.

1. CRIMINAL LAW—FORMER JEOPARDY.
    The second jeopardy for an offense which the common law as well as the Constitution prohibits is for the same identical act and crime.

2. SAME.
    Where one offense is a necessary element in, and con-stitutes part of another, and both are in fact one trans-

Criminal Law, 16 C. J. §§ 443, 453, 470; 8 R. C. L. 143; 2 R. C. L. Supp. 560; 4 R. C. L. Supp. 529; 5 R. C. L. Supp. 447.

action, an acquittal or conviction of one should bar prosecution for the other.

3. INTOXICATING LIQUORS—CRIMINAL LAW—FORMER JEOPARDY.
Defendant's conviction, under the prohibition law, of illegal possession of intoxicating liquors, was a bar to his subsequent prosecution for transporting the same liquor; there being but one transaction.

Exceptions before judgment from Ingham; Collingwood (Charles B.), J.    Submitted June 17, 1926. (Docket No. 129.)    Decided October 4, 1926.

Louis Cook was convicted of violating the liquor law. Reversed, and defendant discharged.

*Harry H. Partlow* and *W. J. Carbaugh,* for appellant.

*Andrew B. Dougherty,* Attorney General, and *Harry F. Hittle,* Prosecuting Attorney, for the people.

SNOW, J.    The defendant, in response to a telephone call for intoxicating liquor, delivered in his automobile nine pints of moonshine whisky to 1925 John street in the city of Lansing.    The call proved to be merely a lure to detect him in a law violation, and when he arrived at his destination he was placed under arrest by an officer, his car searched, and the liquor seized.    He was arrested, charged under section 2 of Act No. 53, Pub. Acts 1919 (Comp. Laws Supp. 1922, § 7079 [2]), with having this liquor in his possession, and, upon his plea of guilty, sentenced to imprisonment.    He served his time, and after his release was again prosecuted under the same statute and the same state of facts, for unlawfully transporting the same liquor.    He was convicted and reviews here on exceptions before sentence, claiming that he has been twice placed upon trial and convicted for

the same offense, and that his conviction for possession bars prosecution for transporting.

The facts are not in dispute, and this presents the sole question in the case, the plea of former jeopardy having been properly made. An examination of authorities involving the question of former jeopardy lays open much that is difficult of reconciliation. It is clear, however, that the second jeopardy, which the common law as well as the Constitution prohibits, is for the same *identical* act and crime. To determine identity the following rule is common:

"One test is to ascertain whether the facts alleged in the second indictment would, if given in evidence, have warranted a conviction on the first, and if this is the case, then the crimes are assumed to be identical. * * * The safest general rule is that the two offenses must be in substance precisely the same or of the same nature or of the same species, so that the evidence which proves the one would prove the other." 16 C. J. p. 264.

Another rule for determining identity is:

"The prohibition of the ancient principle of the common law and the constitutional provisions declaratory thereof, against a second jeopardy, apply only to a second prosecution for the identical act and crime both in law and fact for which the first prosecution was instituted. In determining whether both indictments charge the same offense the test generally applied is that when the facts necessary to convict on the second prosecution would necessarily have convicted on the first, a final judgment on the first prosecution will be a bar to the second, but if the facts which will convict on the second prosecution will not necessarily have convicted on the first, then the first will not be a bar to the second, although the offenses charged may have been committed by the same state of facts. Stated in another form, if there was one act, one intent and one volition, and the defendant has been tried on a charge based on such act, intent and volition, no subsequent charge can be based thereon, though

the crimes involved in the two proceedings are entirely different." 8 R. C. L. p. 143.

Guided by these tests, we cannot conclude other than that the conviction of defendant for possession bars his subsequent prosecution for transporting the same liquor. It would have been physically impossible to transport it without possessing it, and under the facts in the instant case, it could not have been possessed by the defendant in the automobile in front of the house on John street where the officers were stationed, and where it was taken from him, without it having been transported to that point. Proof of the facts stated would necessarily have brought conviction for either possession or transporting.

The statute, under which defendant was charged in each instance, makes the doing of certain things with intoxicating liquor criminal. It prohibits: (1) The manufacture of intoxicating liquor; (2) its sale; (3) its keeping for sale; (4) its giving away; (5) its bartering; (6) its furnishing; (7) otherwise disposing of it; (8) importing it; (9) transporting it; (10) having it in possession; (11) keeping a place where it is (a) manufactured, (b) sold, (c) stored, (d) possessed, (e) given away, (f) furnished. The penalty for a first offense is a fine not to exceed $1,000 and one year in a penal institution. If a person does a single one of the above stated things he violates this law, and is subject to its penalty; but because the doing of one of these things necessarily involves the doing of one, many, or all of the others, it cannot be said that for the single act he is liable to a punishment many times greater than the legislature prescribed. The whole statute makes a single crime and its clear purpose and intent is to forbid and punish every conceivable act which has to do with intoxicating liquor.

"It is elementary that a prosecution and conviction or acquittal of any part of a single crime bars any further prosecution for an offense made up of the

whole or part of the same crime." *Runyon* v. *Morrow,* 192 Ky. 785 (234 S. W. 304, 19 A. L. R. 632).

See, also, *State* v. *Layton,* 25 Iowa, 193.

While it is possible that one may possess intoxicating liquor without transporting it, it is manifest that it cannot be transported without being possessed. If the defendant had first been charged with transporting and had been convicted, it could not possibly be contended that he could be doubly punished for transporting, by afterwards charging him with possession, which was a necessary incident to transporting. A like result may not then be accomplished by charging possession first and transporting next, as was attempted in the instant case. Or supposing defendant had been acquitted on the first charge; that a jury had found he was not even possessed of the nine pints of whisky in question; would he not again be put in jeopardy for the same offense if tried for transporting the liquor he was found innocent of possessing, since transportation necessarily involves possession?

An Ohio statute, analogous to the one under discussion, denied the right: (1) To sell liquor to be drunk on the premises. (2) To sell to a minor; and (3) To sell to intoxicated persons. The statute also made the place where liquors were sold a common nuisance under certain conditions. In a prosecution under this statute it was held that a violation of either of the three things above mentioned subjected the offender to certain penalties, and that if a sale of liquor violated all three the offender might be prosecuted under either of them, and that his conviction or acquittal would be a bar for the same sale under either of the other two, but that a conviction or acquittal under either of the three was not a bar to a prosecution under the provision of the law making the place where the liquor was sold a common nuisance. *Miller* v. *State,* 3 Ohio St. 475.

The rule is general that where one offense is a necessary element in, and constitutes part of, another, and both are in fact one transaction, an acquittal or conviction of one should bar the prosecution for the other. It is obvious that the offenses charged in the two informations are one and the same, and in fact here constitute one transaction; that, under facts undisputed, one is a necessary element in, and a part of the other, and an acquittal or conviction of one bars the prosecution of the other.

The judgment of conviction is reversed, and it is directed that defendant be discharged.

BIRD, C. J., and SHARPE, STEERE, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.