PEOPLE v ALCALA

Docket No. 57439. Decided January 29, 1976.

Tiofilo Y. Alcala was convicted by a jury in Ingham Circuit Court, Jack W. Warren, J., of rape and gross indecency between male and female persons. There was no written request for instructions and no objection to the instructions on gross indecency. The court gave the jury supplemental instructions, using a blackboard to list possible verdicts, and there was no objection. The Court of Appeals, Allen, P. J., and T. M. Burns and R. M. Maher, JJ., reversed on the grounds that the instructions on gross indecency were erroneous (Docket No. 19183). The people apply for leave to appeal. *Held:* An examination of the record indicates no unusual circumstances and no manifest and serious errors on which appellate intervention absent preservation of error could be predicated. Reversed and defendant's convictions reinstated.

63 Mich App 120; 234 NW2d 172 (1975) reversed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Raymond L. Scodeller,* Prosecuting Attorney, and *Lawrence J. Emery,* Assistant Prosecuting Attorney, for the people.

Per Curiam. The defendant was charged on a three-count indictment with rape, MCLA 750.520; MSA 28.788, assault with intent to commit rape, MCLA 750.85; MSA 28.280, and gross indecency, MCLA 750.338b; MSA 28.570(2). He was jury-convicted of rape and gross indecency.

An examination of the record discloses that no written requests for instructions were made. The court instructed the jury, following which a recess was declared. During the recess the court conferred with counsel for the purpose of recording objections to the instructions. Only one objection was made by counsel for the defendant, and that

one was not pertinent to any issue which caused the Court of Appeals to reverse the defendant's convictions. After the jury had deliberated for approximately two hours it returned to the court with questions and received supplemental instructions from the court. In giving the supplemental instructions, the court properly used a blackboard and, as indicated by the transcript,

"The record will reflect that printed upon the blackboard, so that in the event that anyone chooses to review the conduct of this Court, printed upon the blackboard and used by the Court in the course of its instructions are the following words: On the left-hand side, count one, rape. Underneath that, number one, guilty of rape. Two, assault with intent to rape. Three, assault and battery. Four, simple assault. Five, not guilty. The first four items are lined out and were lined out as the Court passed over them in instructing the jury in their deliberations."

Counsel were present and made no objections to the supplemental instructions.

An examination of the transcript and of the instructions in their entirety indicates that there were no unusual circumstances and no manifest and serious errors on the basis of which appellate intervention absent preservation of error could be predicated. *People v Dorrikas,* 354 Mich 303; 92 NW2d 305 (1958).

The Court of Appeals is reversed and defendant's convictions are reinstated.

WILLIAMS, LEVIN, COLEMAN, FITZGERALD, LINDEMER and RYAN, JJ., concurred.

KAVANAGH, C. J. I concur in the result for the reason that I do not find the instructions to be erroneous.