PEOPLE v MARTIN

Docket No. 55936. Argued June 8, 1976 (Calendar No. 2).—Decided
    December 7, 1976.

Edward C. Martin was convicted by a jury in Recorder's Court of
    Detroit, Robert Colombo, J., of possession of heroin and delivery
    of heroin based upon a single transaction. The trial judge
    instructed the jury without objection that they were permitted
    only to bring in verdicts of guilty on both counts or not guilty
    on both counts. The Court of Appeals, J. H. Gillis, P. J., and
    Quinn and O'Hara, JJ., affirmed per curiam (Docket No. 17596).
    Defendant appeals. *Held:*

    1. When a defendant is tried for an act which includes lesser
    offenses, if the jury finds guilt of the greater, the defendant
    may not also be convicted separately of the lesser included
    offense. Conviction of both delivery and the lesser included
    offense of possession of the same heroin, upon proof of that
    possession necessarily incident to delivery, is constitutionally
    proscribed as double punishment. The fact that the two sen-
    tences are to run concurrently does not allow a different result,
    because the second conviction punishes the defendant in sev-
    eral ways other than the sentence.

    2. The instructions to the jury that it was required to return
    verdicts of either guilty of both counts or not guilty of both
    counts were erroneous. The jury was free to believe that the
    defendant possessed the heroin but disbelieve the testimony
    concerning the transfer of possession necessary to convict of
    delivery. The judge, by giving the instructions, invaded the
    province of the jury to determine whether or not each element
    of both crimes had been proven.

    3. It cannot be said the jury would have found the defendant
    guilty of the higher charge if it had been properly instructed.
    The jury declined to acquit the defendant of both counts, and

REFERENCES FOR POINTS IN HEADNOTES

[1, 4, 5, 7, 8] 21 Am Jur 2d, Criminal Law §§ 166, 189.

[2, 6, 8] 75 Am Jur 2d, Trial § 712 *et seq.*

Duty in instructing jury in criminal prosecution to explain and
    define offense charged. 169 ALR 315.

[3] 21 Am Jur 2d, Criminal Law § 187.

therefore at least believed the defendant guilty of possession. Therefore, the conviction on the lesser charge of possession is affirmed and the conviction on the higher charge of delivery is vacated. If the prosecutor advises the circuit court that the ends of justice would be better served by retrial for delivery, the conviction of possession may also be vacated and the matter retried.

Justice Lindemer, with Justice Coleman concurring, agreed that the convictions are constitutionally proscribed as double punishment, but would affirm the conviction of the greater offense of delivery of heroin. The instructions to the jury required a finding that each element of both crimes had been proven before the jury could return a verdict of guilty. This did not invade the province of the jury to determine whether each element of both crimes had been proven.

Affirmed as to the conviction of possession and vacated as to the conviction of delivery.

53 Mich App 321; 200 NW2d 186 (1974) affirmed in part, reversed in part.

### OPINION OF THE COURT

1. CRIMINAL LAW—CONSTITUTIONAL LAW—DOUBLE PUNISHMENT—
   DRUGS AND NARCOTICS—DELIVERY—POSSESSION.

   Conviction of both delivery and the lesser included offense of possession of the same heroin upon proof of that possession necessarily incident to delivery violates the constitutional protection against double punishment (US Const, Am V; Const 1963, art 1, § 15).

2. CRIMINAL LAW—INSTRUCTIONS TO JURY—DRUGS AND NARCOTICS—
   DELIVERY—POSSESSION.

   An instruction to a jury in a trial for delivery of heroin and for possession of the same heroin upon proof of possession incident to delivery only, that the jury was required to return verdicts of guilty of both counts or not guilty of both counts, was erroneous because the jury was free to believe that the defendant possessed the heroin, but to disbelieve the testimony concerning the transfer of possession necessary to convict of delivery; such an instruction invades the province of the jury to determine whether each element of both crimes had been proven.

3. CRIMINAL LAW—CONSTITUTIONAL LAW—DOUBLE PUNISHMENT—
   LESSER INCLUDED OFFENSES.

   A defendant tried for an act which includes lesser offenses may

not be convicted separately of a lesser included offense if the jury finds him guilty of the greater offense (US Const, Am V; Const 1963, art 1, § 15).

4. CRIMINAL LAW—CONSTITUTIONAL LAW—DOUBLE JEOPARDY.

The guarantee against double jeopardy protects not only against a second prosecution for the same offense, but it also protects against multiple punishments for the same offense (US Const, Am V; Const 1963, art 1, § 15).

5. CRIMINAL LAW—CONSTITUTIONAL LAW—DOUBLE JEOPARDY—DOU-BLE PUNISHMENT.

The double punishment which is constitutionally proscribed for one offense includes another conviction of the same offense and not merely another sentence, because the second conviction punishes the defendant in several ways including parole considerations, impeachment at subsequent trials, and treatment as a habitual offender (US Const, Am V; Const 1963, art 1, § 15).

6. CRIMINAL LAW—INSTRUCTIONS TO JURY—LESSER INCLUDED OF-FENSES—FINDING OF FACT.

A judge may not instruct a jury that if it believes evidence from a witness on one element of a crime, it must believe that witness as to another element, even though any other finding would be inconsistent or illogical; the right of the jury to determine all elements of an offense is so fundamental that the harmless error rule is not appropriate if the judge invades that province.

DISSENTING OPINION

COLEMAN and LINDEMER, JJ.

7. CRIMINAL LAW—CONSTITUTIONAL LAW—DOUBLE PUNISHMENT—DRUGS AND NARCOTICS—DELIVERY—POSSESSION.

*Conviction of both delivery and the lesser included offense of possession of the same heroin upon proof of that possession necessarily incident to delivery violates the constitutional protection against double punishment; there was but one offense: delivery of heroin (US Const, Am V; Const 1963, art 1, § 15).*

8. APPEAL AND ERROR—INSTRUCTIONS TO JURY—DRUGS AND NARCOT-ICS—DELIVERY—POSSESSION.

*An instruction to a jury in a trial for delivery of heroin and for possession of the same heroin upon proof of possession incident to delivery only that the jury was required to return verdicts of guilty on both counts or not guilty on both counts, even though erroneous, required a finding that each element of both crimes*

had been proven before the jury could return a verdict of guilty, and therefore did not invade the province of the jury to determine whether each element of both crimes had been proven; therefore, the conviction of possession should be vacated and the conviction of delivery affirmed in a case where prosecution of the defendant for both offenses violated the constitutional protection against double jeopardy, but there was no objection to the instruction (US Const, Am V; Const 1963, art 1, § 15).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Research, Training & Appeals, and *Larry L. Roberts,* Assistant Prosecuting Attorney, for the people.

*State Appellate Defender Office* (by *Chari K. Grove)* for defendant.

KAVANAGH, C. J. Defendant was convicted by a jury of delivery of heroin, MCLA 335.341(1)(a); MSA 18.1070(41)(1)(a), and possession of the same heroin, MCLA 335.341(4)(a); MSA 18.1070(41)(4)(a), and he was sentenced to two concurrent terms of imprisonment. The convictions were affirmed by the Court of Appeals, 53 Mich App 321; 220 NW2d 186 (1974).

This Court granted leave to consider two issues:

1) Whether conviction for both delivery and possession of the same heroin, upon proof of possession incident to delivery only was constitutionally proscribed double punishment?

2) Whether it was reversible error for the trial court to instruct the jury that it was required to return verdicts of either guilty of both counts or not guilty of both counts?

We hold:

1) The separate convictions and sentences for

delivery and possession were for the same offense, and cannot both stand.

2) The jury instructions were erroneous.

We affirm the conviction for possession, vacate the conviction for delivery, and remand to the trial court.

If the prosecuting attorney is persuaded that the ends of justice would be better served by retrial for delivery, he may so advise the trial court and the conviction for possession may also be vacated and the matter tried. *People v Jenkins,* 395 Mich 440; 236 NW2d 503 (1975).

I.

Testimony at trial indicated that a police informant brought 1/2 ounce of heroin directly from defendant. The defendant personally cut the heroin and delivered it to the informant. Defendant was charged in a two-count information with (1) delivery and (2) possession of a certain 15.62 grams of heroin. There is no dispute over the fact that it was the same 15.62 grams of heroin in each count.

Possession of the heroin present in *this* case was that necessary to its delivery.

On the evidence adduced at this trial, there is no doubt that unlawful possession was a lesser included offense of delivery.

When the jury found defendant guilty of unlawful delivery of this heroin on the evidence in this record they necessarily found him in possession of it.

"It is elementary that the State cannot divide a single offense into several parts according to time and conduct and base separate prosecutions upon and impose separate punishments for the various necessary divisions of that single crime. * * *

"The possession of narcotic drugs is an offense distinct from the sale thereof. But in the instant case the possession and sale clearly constituted one single and same act. The possession, as legally defined, is necessarily a constitutent part of the sale, as legally defined. Where the only possession of the narcotic drug is that incident to and necessary for the sale thereof, and it does not appear that there was possession before or after and apart from such sale, the State cannot fragment the accused's involvement into separate and distinct acts or transactions to obtain multiple convictions, and separate convictions under such circumstances will not stand. * * * The error is not cured by the fact the trial Court permitted the two sentences to run concurrently. * * * The conviction and sentence upon the charge of possession must be set aside." *State v Allen,* 292 A2d 167, 172 (Me, 1972).

Other state courts have reached the same result. See, *Thompson v State,* 259 Ind 587; 290 NE2d 724 (1972); *Fairman v State,* 83 Nev 137; 425 P2d 342 (1967); *People v Roberts,* 40 Cal 2d 483; 254 P2d 501 (1953).

In *People v Cook,* 236 Mich 333; 210 NW 296 (1926), defendant was tried and convicted for having illegal liquor in his possession. After his release from prison, he was tried and convicted for unlawfully transporting the same liquor. This Court reversed the transporting conviction:

"[W]e cannot conclude other than that the conviction of defendant for possession bars his subsequent prosecution for transporting the same liquor.

* * *

"While it is possible that one may possess intoxicating liquor without transporting it, it is manifest that it cannot be transported without being possessed. If the defendant had first been charged with transporting and had been convicted, it could not possibly be contended that he could be doubly punished for transporting, by

afterwards charging him with possession, which was a necessary incident to transporting." 236 Mich 333, 336–337.

The logic of *Cook* applies here. Defendant may not be "doubly punished" by convicting him of possession, which in this case was a necessary incident to the very delivery for which he was also convicted.

A defendant may be charged and tried for each act that constitutes a separate crime. However, when tried for an act which includes lesser offenses, if the jury finds guilt of the greater, the defendant may not also be convicted separately of the lesser included offense. The prohibition against multiple punishment for the same crime cannot be avoided by the form of the charge. "The form of pleading cannot assume such importance that it will permit defendant to be convicted of both the included and greater offense." *People v Greer,* 30 Cal 2d 589, 599; 184 P2d 512, 518 (1947). Accord, *United States v Belt,* 516 F2d 873 (CA 8, 1975), *cert den* 423 US 1056; 96 S Ct 790; 46 L Ed 2d 646 (1976).

The guarantee against double jeopardy protects against not only a second *prosecution* for the same offense, but it also "protects against multiple punishments for the same offense". *North Carolina v Pearce,* 395 US 711, 717; 89 S Ct 2072; 23 L Ed 2d 656 (1969).

"[T]he Constitution was designed as much to prevent the criminal from being twice punished for the same offense as from being twice tried for it." *Ex Parte Lange,* 85 US (18 Wall) 163, 173; 21 L Ed 872 (1874).

Accord, *State v Waldenburg,* 9 Wash App 529; 513 P2d 577 (1973); *Gallinaro v Commonwealth,*

362 Mass 728; 291 NE2d 420 (1973). See also, *People v Anderson,* 62 Mich App 475; 233 NW2d 620 (1975).

"It is clear that preventing multiple punishment for the same offense was foremost in the minds of the framers of the double jeopardy clause. * * * Until joinder became permissible and commonplace, however, multiple punishment could result only from multiple trials." Comment, *Twice In Jeopardy,* 75 Yale L J 262, 266, fn 13 (1965).

In *O'Clair v United States,* 470 F2d 1199, 1203 (CA 1, 1972), *cert den,* 412 US 921; 93 S Ct 2741; 37 L Ed 2d 148 (1973), defendant was convicted at a single trial of bank robbery and assault while committing the robbery. The Court of Appeals, relying on both statutory interpretation and double jeopardy analysis, held that the statute permitted only one conviction for a single bank robbery. The conviction and sentence for the lesser included offense were vacated. Addressing the double jeopardy argument, the Court stated:

"It would seem apparent that if the state cannot constitutionally obtain two convictions for the same act at two separate trials, it cannot do so at the same trial."

See also, *People v Hancock,* 186 Colo 30; 525 P2d 435 (1974).

The fact that the two sentences are to run concurrently does not allow a different result. The "double punishment" proscribed for committing one offense includes the conviction and not merely the sentence. The second conviction punishes appellant in several ways, including parole considerations, impeachment at subsequent trials, habitual offender treatment, etc. "We recognize that even

the entry of judgment and the imposition of a suspended sentence of imprisonment is additional punishment." *Thompson v State,* 259 Ind 587, 592; 290 NE2d 724, 727 (1972).

## II.

Defendant contends that the trial court erred by giving the following instruction to the jury:

"[W]hile you will consider the counts separately, the way the evidence is in this case, if you find the defendant guilty at all, you would have to find him guilty of both count 1 and count 2. .

"You will find the defendant either guilty of delivery of heroin in count 1, guilty of possession of heroin in count 2 or you will find him not guilty of delivery of heroin in count 1 and not guilty of possession of heroin in count 2.

"There cannot be, under the evidence as it's been presented to you today, inconsistent verdicts. By that I mean a verdict of guilty of one count and not guilty of another. The verdict must be unanimous as to both counts, either guilty or not guilty."

This instruction was erroneous. The jury was free to believe the defendant possessed the heroin, but disbelieve the testimony concerning the transfer of possession necessary to convict of delivery.

"A judge may not instruct the jury that if it believes a witness' evidence on one element it must believe that witness' evidence as to another element, even though in the judge's view any other finding would be inconsistent or illogical." *People v Chamblis,* 395 Mich 408, 420–422; 236 NW2d 473 (1975).

The judge, by giving this instruction, invaded the province of the jury to determine whether or not each element of both crimes had been proven.

"[T]he right of the jury to determine all elements of an offense is so fundamental a right that the harmless error rule is not appropriate where the judge invades that province. There is a difference between commenting on the evidence and making a finding of fact for the jury." *People v Reed,* 393 Mich 342, 351; 224 NW2d 867 (1975).

Counsel for both the prosecution and defense indicated satisfaction with the judge's instructions. No doubt each side saw some benefit in this trial tactic. Nevertheless, "a defendant has no legitimate interest in compelling the jury to adopt an all or nothing approach to the issue of guilt. Our courts are not gambling halls but forums for the discovery of truth". *People v Chamblis, supra,* 417.

We agree with the prosecutor that defendants should not "reap benefits" from errors they could have corrected at trial. However, we are constrained to note that the responsibility for a properly conducted trial rests on all the participants, including the prosecuting attorney and trial judge. We made it clear in *People v Chamblis, supra,* that a defendant has no right to a misinstructed jury:

"It is the duty of the trial court to instruct the jury as to the law applicable to the case. MCLA 768.29; MSA 28.1052. Neither the defense nor the prosecution has the option of precluding the court from carrying out this duty in hopes of forcing an 'all or nothing' verdict." 395 Mich 408, 415; 236 NW2d 473 (1975).

The prosecutor has as much a responsibility as the defendant to scrutinize jury instructions and object to those which misstate the law.

"The prosecutor no less than the defense attorney should be alert to bring to the trial court's attention

any errors of omission or commission. Trial courts should be ready and receptive to taking advantage of any such proper advice. * * * It is to be hoped that all prosecutors and all judges will take advantage of this opportunity to improve the administration of justice." *Guilty Plea Cases,* 395 Mich 96, 136; 235 NW2d 132 (1975).

## III.

The jury found the defendant guilty of delivery of heroin on count 1 and guilty of possession of heroin on count 2.

The possession charged in count 2 was of the same heroin charged delivered in count 1, and as we held in part I above both convictions cannot stand.

We can correct this error by affirming the conviction on either count and vacating the conviction on the other. Usually we affirm the conviction on the higher charge and vacate the conviction on the lower charge but this option is not open to us in this case because, since the jury was misinstructed (as we held in part II above), we cannot say the jury would necessarily have found defendant guilty of the higher charge if it had been properly instructed. It might have had some reasonable doubt that the defendant delivered the heroin it found he possessed.

The jury was instructed that it could acquit defendant of both counts, but declined to do so. The jury, therefore, at least believed defendant guilty of possession of heroin.

For this reason we affirm the conviction on the lower charge of possession and vacate the conviction on the higher charge of delivery.

Since only the prosecutor could be heard to complain of this disposition, if he is persuaded the

ends of justice would be better served by retrial for delivery, he may so advise the trial court and the conviction for possession may also be vacated and the matter tried. *People v Jenkins,* 395 Mich 440; 236 NW2d 503 (1975).

Remanded.

Williams, Levin, Fitzgerald, and Ryan, JJ., concurred with Kavanagh, C. J.

Lindemer, J. *(dissenting).* I agree with the majority that "[p]ossession of the heroin in *this* case was that necessary to its delivery" and "[w]hen the jury found defendant guilty of unlawful delivery of this heroin on the evidence in this record they necessarily found him in possession of it". Under these conditions, there was but one offense—delivery of heroin—which should not have been divided into separate counts.

However, I would vacate the possession conviction and affirm the delivery conviction. Under its instructions, the jury had to find defendant both possessed and delivered the heroin in order to return its guilty verdict. Rather than permitting an either/or verdict, the instruction required a finding of both conditions. This did not, as the majority says, invade "the province of the jury to determine whether or not each element of both crimes had been proven". The instructions required a finding that each element of both crimes *had* been proven before the jury could return a guilty verdict.

It should also be noted that there were no objections to the instructions. Although we have reviewed unobjected-to instructions, the more usual procedure should be similar to that used in *People v Alcala,* 396 Mich 99, 100; 237 NW2d 475

(1976). Because of the analysis above and a review of the record, we believe there are "no unusual circumstances and no manifest and serious errors on the basis of which appellate intervention absent preservation of error could be predicated". Also see *People v Hall,* 396 Mich 650; 242 NW2d 377 (1976).

COLEMAN, J., concurred with LINDEMER, J.