PEOPLE v MOORE

Docket No. 77-4491. Submitted August 31, 1978, at Detroit.—Decided December 5, 1978.

Ezell Moore was convicted, on his plea of guilty, of two counts of armed robbery and of possession of a firearm while in the commission of a felony, Recorder's Court of Detroit, Michael J. Conner, J. Defendant appeals the felony-firearm conviction, claiming that it subjects him to double jeopardy. *Held:*

The felony-firearm conviction is not permissible because it violates the defendant's right not to be subjected to double jeopardy. However, because the felony-firearm statute was intended as a sentence-augmenting statute, the defendant's sentence is upheld.

Reversed in part, affirmed in part.

J. H. GILLIS, J., dissented. He agrees that the felony-firearm conviction cannot stand, because the defendant is being doubly punished for committing a robbery while armed with a rifle. The evidence used to prove the armed robbery is the identical evidence used to prove the felony-firearm offense. However, because the conviction cannot stand, the punishment prescribed by the statute cannot be imposed for commission of the underlying felony.

REFERENCES FOR POINTS IN HEADNOTES

[1, 5] 21 Am Jur 2d, Criminal Law §§ 9, 182-193, 546, 548.

40 Am Jur 2d, Homicide §§ 2, 549 *et seq.*

67 Am Jur 2d, Robbery §§ 4, 44, 48.

Court's right, in imposing sentence, to hear evidence of, or to consider, other offenses committed by defendant. 96 ALR2d 768.

Construction and application of provision of Omnibus Crime Central and Safe Streets Act of 1968 (18 USCS § 934(c)) that person who uses firearm to commit, or carries firearm unlawfully during commission of, Federal felony, shall be sentenced to term of imprisonment in addition to punishment provided for such felony. 25 ALR FED 678.

[2-4] 21 Am Jur 2d, Criminal Law §§ 182-193, 546.

[4] 67 Am Jur 2d, Robbery § 75.

OPINION OF THE COURT

1. CRIMINAL LAW—ARMED ROBBERY—FELONY FIREARM—STATUTES—
   SENTENCE AUGMENTATION—CONSTITUTIONAL LAW.

   A defendant convicted of an armed robbery which was committed
   with a firearm may not also be convicted of violation of the
   statute which proscribes commission of a felony while armed
   with or possessing a firearm because the felony-firearm convic-
   tion constitutes a violation of the defendant's right not to be
   subjected to double jeopardy; however, because that statute is
   intended to be a sentence-augmenting statute, the defendant's
   sentence for the armed robbery conviction may be enhanced
   under the felony-firearm statute (MCL 750.227b, 750.529; MSA
   28.424[2], 28.797).

DISSENT BY J. H. GILLIS, P.J.

2. CRIMINAL LAW—MULTIPLE CONVICTIONS—ELEMENTS OF OFFENSES—
   FACTS OF CASE.

   *It is necessary, where a defendant has been convicted of more
   than one offense, to examine both the elements of the crimes
   involved and the particular facts of the case to determine
   whether the defendant is being punished twice for the same
   offense.*

3. CRIMINAL LAW—MULTIPLE PUNISHMENT—POWER OF LEGISLATURE.

   *Punishment for different descriptions of the same offense is
   beyond the power of the Legislature to impose.*

4. CRIMINAL LAW—ARMED ROBBERY—FELONY FIREARM—DOUBLE PUN-
   ISHMENT—EVIDENCE.

   *A defendant's conviction for violation of the felony-firearm stat-
   ute, arising from an armed robbery, constitutes double punish-
   ment where the evidence to prove each element of the armed
   robbery charge is the identical evidence necessary to prove the
   felony-firearm charge.*

5. CRIMINAL LAW—STATUTES—FELONY-FIREARM—CONVICTION—PUN-
   ISHMENT.

   *The language of the felony-firearm statute is clear and unambi-
   gous and no interpretation is necessary; the Legislature clearly
   intended to create an offense separate and distinct from the
   underlying felony and to impose a separate punishment for
   that offense; where a defendant's conviction of a felony-firearm
   offense cannot stand, a punishment for that offense cannot be
   imposed for the commission of the underlying felony (MCL
   750.227b; MSA 28.424[2]).*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Principal Attorney, Appeals, and *Paul C. Louisell,* Assistant Prosecuting Attorney, for the people.

*Daniel J. Blank,* for defendant on appeal.

Before: J. H. GILLIS, P.J., and V. J. BRENNAN and BASHARA, JJ.

BASHARA, J. The majority accepts the facts as set forth in our brother's dissent. In view of the opinion of Judge BASHARA expressed in *People v McDowell,* 85 Mich App 697; 272 NW2d 576 (1978), and that of Judge BRENNAN in *People v Blount,* 87 Mich App 501; 275 NW2d 21 (1978), we set aside the conviction for felony firearm. However, the defendant's sentence as an augmentation of the penalty for the underlying felony is upheld.

Reversed in part; affirmed in part.

V. J. BRENNAN, J., concurred.

J. H. GILLIS, P.J. *(dissenting).* Defendant appeals as of right from his plea-based conviction of two counts of armed robbery, MCL 750.529; MSA 28.797, and one count of possession of a firearm while in the commission of a felony, MCL 750.227b; MSA 28.424(2). The charges arose out of a July 12, 1977, incident wherein defendant and two companions entered a bar in the City of Detroit, took wallets from the owner and a customer, and removed some money from the cash register. One of defendant's companions was armed with a sawed-off rifle.

On appeal, defendant does not dispute his convictions on the armed robbery counts but chal-

lenges the "felony-firearm" conviction, raising four issues. I disagree with the majority's position concerning defendant's claim that this conviction is barred by principles of double jeopardy.

The guarantee against double jeopardy protects against multiple punishment for the same offense. *North Carolina v Pearce,* 395 US 711, 717; 89 S Ct 2072; 23 L Ed 2d 656 (1969). In Michigan, it is necessary to examine both the elements of the crimes involved and the particular facts of the case to determine whether a defendant is being punished twice for the same offense. In *People v Stewart (On Rehearing),* 400 Mich 540; 256 NW2d 31 (1977), the Court addressed multiple convictions arising out of a single sale of heroin. In that case the defendant was charged with both possession and delivery of heroin. While recognizing that in theory it is possible to do one of these acts without the other, the Court examined the particular facts of the case and concluded that the possession was merely incidental to the sale and did not constitute a separate offense:

"In a given case, sale may be found without possession. Likewise, possession may be determined without sale. However, depending upon the facts developed at trial, when the circumstance of possession is not severable or apart from a sale and the jury concludes the defendant is guilty of sale, then the possession blends together with the sale so as to constitute one single wrongful act.

\*　\*　\*

"Defendant Stewart may not be 'double punished' by convicting him of possession, which in *this* case was a 'necessary' prerequisite or the *sine qua non* for the very sale for which he was also convicted." 400 Mich at 548, 549. See also *People v Martin,* 398 Mich 303; 247 NW2d 303 (1976).

Examination of the facts in the instant case leads me to conclude that defendant's conviction on the felony-firearm count cannot stand. It is possible to commit an armed robbery without possessing a firearm. Any dangerous weapon or an article used or fashioned in a manner to lead the victim to reasonably believe it is a dangerous weapon is sufficient to satisfy the "armed" element of this offense. MCL 750.529; MSA 28.797. However, in the instant case possession of a rifle was the gravamen of the robbery *armed* charges. In effect, defendant is being doubly punished for committing a robbery while armed with a rifle. Punishment for different descriptions of the same offense is beyond the power of the Legislature to impose. See *Gore v United States,* 357 US 386, 392; 78 S Ct 1280; 2 L Ed 2d 1405 (1958).

Furthermore, under the facts of this case the evidence available to the prosecutor to prove each element of the robbery armed charges is the identical evidence available and necessary to prove the felony-firearm charge. See *People v Mitchell,* 85 Mich App 757; 272 NW2d 601 (1978) (KAUFMAN, J., dissenting).

The majority upholds defendant's mandatory 2-year sentence by relying upon *People v McDowell,* 85 Mich App 697; 272 NW2d 576 (1978), which construed the statute to be a sentencing enhancement law. I respectfully disagree with this resolution of the double jeopardy problem.

MCL 750.227b; MSA 28.424(2) reads in pertinent part as follows:

"(1) A person who carries or has in his possession a firearm at the time he commits or attempts to commit a felony, except the violation of section 227 or section 227a, is guilty of a felony, and shall be imprisoned for 2 years. Upon a second conviction under this section, the

person shall be imprisoned for 5 years. Upon a third or subsequent conviction under this section, the person shall be imprisoned for 10 years.

"(2) The term of imprisonment prescribed by this section shall be in addition to the sentence imposed for the conviction of the felony or the attempt to commit the felony, and shall be served consecutively with and preceding any term of imprisonment imposed for the conviction of the felony or attempt to commit the felony."

This language is not ambiguous. Where the language of a statute is clear and unambiguous, no interpretation is necessary. *People v Carey,* 382 Mich 285, 292; 170 NW2d 145 (1969), *Acme Messenger Service Co v Unemployment Compensation Comm,* 306 Mich 704, 709; 11 NW2d 296 (1943).

The Legislature clearly intended to create an offense separate and distinct from the underlying felony and to impose a separate punishment upon a person guilty of this offense. Having determined that defendant's conviction cannot stand, I do not think that the punishment prescribed by the statute for its violation can, nevertheless, be imposed for commission of the underlying felony.

I would, therefore, order defendant's conviction on the felony-firearm charge vacated and the sentence for this offense set aside.