PEOPLE v BLOUNT

Docket No. 78-574. Submitted October 16, 1978, at Detroit.—Decided
December 5, 1978.

Ronald Blount was convicted of armed robbery and possession of
a firearm in the commission of a felony, Recorder's Court of
Detroit, John Patrick O'Brien, J. The defendant appeals, claim-
ing (1) that the felony-firearm statute violates the constitu-
tional provision which prohibits the amendment of a statute
without re-enactment and publication, and (2) that the convic-
tions and consecutive sentences for armed robbery and felony-
firearm arising out of a single criminal transaction violate the
constitutional prohibition against double jeopardy. *Held:*

1. The felony-firearm statute is an act complete within itself,
requires reference to no other statute for its meaning, nor does
it alter or amend another statute by reference to the other
statute's title. Therefore, the statute is not violative of the
constitutional provision which prohibits amendment of a stat-
ute without re-enactment and publication.

2. The felony-firearm statute is to be construed as a sentence
enhancement or sentence augmenting statute and the portion
of the statute which delineates possession of a firearm during
the commission of a felony as a separate and distinct offense is
to be construed as inoperable.

The separate conviction for felony firearm is set aside, but
the sentence, as enhanced by the felony-firearm statute, is
affirmed.

J. H. GILLIS, P.J., concurred in part and dissented in part. He
would hold that the felony-firearm statute clearly creates a
separate and distinct felony and, therefore, conviction on both
the underlying felony charge and the felony-firearm charge is

REFERENCES FOR POINTS IN HEADNOTES
[1] 73 Am Jur 2d, Statutes §§ 136, 137.
[2] 21 Am Jur 2d, Criminal Law § 166.
[3, 6] 21 Am Jur 2d, Criminal Law §§ 185, 187.
   Conviction of lesser offense as bar to prosecution for greater on new
   trial. 61 ALR2d 1141.
[4] 73 Am Jur 2d, Statutes §§ 145, 146.
[5] 21 Am Jur 2d, Criminal Law § 579.

unconstitutional as a violation of constitutional guarantees against double jeopardy where the underlying offense is a necessarily included lesser offense of the felony-firearm offense. He would further hold that, in the case at bar, the defendant's two convictions constituted double jeopardy and, therefore, the conviction of and the sentence for the felony-firearm offense must be vacated.

He would affirm the armed robbery conviction and set aside the conviction of and the sentence for felony-firearm.

#### OPINION OF THE COURT

1. CONSTITUTIONAL LAW—CRIMINAL LAW—FELONY-FIREARM STATUTE —AMENDMENT OF STATUTE—ACT COMPLETE WITHIN ITSELF— STATUTES.

The felony-firearm statute is not violative of the provision in the Michigan Constitution which prohibits the amendment of statutes by reference to title only because the felony-firearm statute does not fall within the mischief designed to be remedied by the constitutional provision and because the felony-firearm statute is an act complete within itself, requires reference to no other statute for its meaning and does not alter or amend another statute by reference to the other statute's title (Const 1963, art 4, § 25; MCL 750.227b; MSA 28.424[2]).

2. CONSTITUTIONAL LAW—CRIMINAL LAW—DOUBLE JEOPARDY—MULTI-PLE PUNISHMENT—SAME OFFENSE.

The constitutional guarantee against double jeopardy protects against multiple punishment for the same offense.

3. CONSTITUTIONAL LAW—CRIMINAL LAW—DOUBLE JEOPARDY—SEPA-RATE CONVICTIONS—SINGLE CRIMINAL TRANSACTION—NECESSAR-ILY LESSER INCLUDED OFFENSES.

Michigan law has construed the constitutional guarantees against double jeopardy to prohibit separate convictions for two offenses arising out of one criminal transaction where one of the offenses is a necessarily lesser included offense of the other.

4. STATUTES—STATUTORY CONSTRUCTION—LEGISLATIVE INTENT.

The primary rule governing statutory construction is first and foremost to ascertain and give effect to the manifest intent of the Legislature.

5. CRIMINAL LAW—FELONY-FIREARM STATUTE—STATUTORY CONSTRUC-TION—LEGISLATIVE INTENT—SENTENCE AUGMENTING STATUTE— STATUTES.

The felony-firearm statute should be viewed and upheld as a

sentencing enhancement and sentence augmenting measure in light of the manifest intent of the Legislature in enacting the statute; the portion of the statute which delineates possession of a firearm during the commission of a felony as a separate and distinct offense should be construed as being inoperable (MCL 750.227b; MSA 28.424[2]).

PARTIAL CONCURRENCE, PARTIAL DISSENT BY J. H. GILLIS, P.J.

6. CRIMINAL LAW—FELONY-FIREARM STATUTE—LEGISLATIVE INTENT—
SEPARATE AND DISTINCT OFFENSE—DOUBLE JEOPARDY.
    *The Legislature in enacting the felony-firearm statute clearly intended to create an offense, for the possession of a firearm in the commission of a felony, separate and distinct from the underlying felony and to impose a separate punishment upon a person guilty of this offense; therefore, since a defendant's separate conviction under the felony-firearm statute cannot stand, because of double jeopardy considerations, the additional punishment prescribed by the statute for its violation cannot be imposed for violation of the underlying felony.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Principal Attorney, Appeals, and *Robert A. Reuther,* Assistant Prosecuting Attorney, for the people.

*Robert E. Slameka,* for defendant on appeal.

Before: J. H. GILLIS, P.J., and V. J. BRENNAN and BASHARA, JJ.

V. J. BRENNAN, J. On July 6, 1977, defendant Ronald Blount pled guilty in Recorder's Court to armed robbery, MCL 750.529; MSA 28.797, and possession of a firearm in the commission of a felony, to-wit, armed robbery, MCL 750.227b; MSA 28.424(2). Defendant was sentenced to 4 to 10 years on the armed robbery and 2 years on the felony firearm, such sentences to be served consec-

utively. Defendant brings this appeal by right, GCR 1963, 806.1.

Defendant raises four issues on appeal, two of which merit discussion.

Defendant argues that the felony-firearm statute is unconstitutional because it amends a large number of statutes without re-enactment and publication, contrary to Const 1963, art 4, § 25 which provides:

"No law shall be revised, altered or amended by reference to its title only. The section or sections of the act altered or amended shall be re-enacted and published at length."

The Supreme Court in *Advisory Opinion re Constitutionality of 1972 PA 294,* 389 Mich 441; 208 NW2d 469 (1973), cites with approval the rationale behind the foregoing prohibition as enunciated by Justice COOLEY in *People v Mahaney,* 13 Mich 481, 497 (1865), which follows:

"An amendatory act which purported only to insert certain words, or to substitute one phrase for another in an act or section which was only referred to but not republished, was well calculated to mislead the careless as to its effect, and was, perhaps, sometimes drawn in that form for that express purpose. Endless confusion was thus introduced into the law, and the Constitution wisely prohibited such legislation. But an act complete in itself is not within the mischief designed to be remedied by this provision, and cannot be held to be prohibited by it without violating its plain intent."

It is clear that the felony-firearm statute does not fall within "the mischief designed to be remedied by" the constitutional provision. The statute in question is complete within itself, requires reference to no other statute for its meaning, nor

does it alter or amend another statute by reference to the other statute's title. Therefore, the felony-firearm statute is not violative of Michigan Const 1963, art 4, § 25.

The defendant also contends that his convictions and consecutive sentences for armed robbery and felony firearm arising from a single robbery violate constitutional prohibitions against double jeopardy.

Initially we must point out that the guarantee against double jeopardy "protects against multiple punishment for the same offense". *North Carolina v Pearce,* 395 US 711, 717; 89 S Ct 2072; 23 L Ed 2d 656 (1969), *People v Stewart (On Rehearing),* 400 Mich 540; 256 NW2d 31 (1977). Michigan law has construed this protection to prohibit *separate convictions* for two offenses arising out of one criminal transaction where one is a necessarily lesser included offense of the other. *People v Stewart, supra, People v Martin,* 398 Mich 303; 247 NW2d 303 (1976).

A literal reading of the felony-firearm statute indicates that the felony must be shown in order to convict on felony firearm. Therefore, the underlying felony is always a necessarily lesser included offense of felony firearm. *People v Ora Jones,* 395 Mich 379; 236 NW2d 461 (1975). The logical extension of this literal reading would require vacating the conviction on the lesser charge (felony) and affirming the conviction on the higher charge (felony firearm). See *People v Stewart, supra,* 550, fn 2.

Such a result would require an abdication of our duty to interpret statutes concomitant with the applicable underlying legislative intent. The primary rule governing statutory interpretation is to first and foremost ascertain and give effect to the manifest intent of the Legislature. *Simpson v*

*United States,* 435 US 6; 98 S Ct 909; 55 L Ed 2d 70 (1978), *Gore v United States,* 357 US 386; 78 S Ct 1280; 2 L Ed 2d 1405 (1958).

The underlying legislative intent in regard to the felony firearm statute is to require a mandatory, minimum prison sentence in all felonies and attempted felonies where a firearm was carried or possessed. A review of the legislative history of the enactment indicates that certainty of punishment was the primary concern.

This Court is then faced with the dilemma of applying the literal meaning of the statute to an absurd end or interpreting and thus modifying the statute in light of the accompanying manifest legislative intent.

The propriety of our choosing the latter approach is supported by the Michigan Supreme Court in *Williams v Secretary of State,* 338 Mich 202, 208; 60 NW2d 910 (1953), where the following maxim is quoted with approval:

" ' "Where the language of a statute, in its ordinary meaning and gramatical construction leads to a manifest contradiction of the apparent purpose of the enactment, or to some inconvenience or absurdity, hardship or injustice, presumably not intended, a construction may be put upon it, which modifies the meaning of the words, and even the structure of the sentence. This is done, sometimes, by giving an unusual meaning to particular words; *sometimes by altering their collocation; or by rejecting them altogether;* or by interpolating other words; under the influence, no doubt, of an irresistible conviction that the legislature could not possibly have intended what its words signify, and that the modifications thus made are mere corrections of careless language, and really give the true intention * * * the language of the statute must be given such a construction as will carry that design into effect, even though, in so doing, the exact letter of the law be

sacrificed, or though the construction be, indeed, contrary to the letter." ' " (Emphasis supplied.)

In light of the above we construe that portion of the statute inoperable to the effect that it delineates possession of a firearm during the commission of a felony as a separate and distinct offense. We view and uphold the statute as a sentence enhancement and sentence augmenting measure designed to set forth a mandatory minimum term of incarceration on the underlying felony.

The defendant's separate conviction for felony firearm is set aside; however, in accordance with the above, his sentence is upheld.

BASHARA, J., concurred.

J. H. GILLIS, P.J. *(concurring in part, dissenting in part)*. While I agree with the majority's position on the first issue and their determination that conviction on the felony-firearm charge violates principles of double jeopardy,[1] I cannot concur in their resolution of this problem.

MCL 750.227b; MSA 28.424(2) reads in pertinent part as follows:

"(1) A person who carries or has in his possession a firearm at the time he commits or attempts to commit a felony, except for violation of section 227 or section 227a, is guilty of a felony, and shall be imprisoned for 2 years. Upon a second conviction under this section, the person shall be imprisoned for 5 years. Upon a third or subsequent conviction under this section, the person shall be imprisoned for 10 years.

"(2) The term of imprisonment prescribed by this section shall be in addition to the sentence imposed for the conviction of the felony or the attempt to commit the felony, and shall be served consecutively with and

[1] *See* my dissenting opinion in *People v Moore,* 87 Mich App 475; 275 NW2d 19 (1978).

preceding any term of imprisonment imposed for the conviction of the felony or attempt to commit the felony."

This language is not ambiguous.[2] The Legislature clearly intended to create an offense separate and distinct from the underlying felony and to impose a separate punishment upon a person guilty of this offense. Having determined that defendant's conviction cannot stand, I do not think that the punishment prescribed by the statute for its violation can, nevertheless, be imposed for violation of the underlying felony.

I would, therefore, order defendant's conviction on the felony-firearm charge vacated and the sentence for this offense set aside.

---

[2] Where the language of a statute is clear and unambiguous, no interpretation is necessary. *People v Carey,* 382 Mich 285, 292; 170 NW2d 145 (1969), *Acme Messenger Service Co v Unemployment Compensation Comm,* 306 Mich 704, 709; 11 NW2d 296 (1943).