PEOPLE v STRINGER

Docket No. 77-5128. Submitted August 31, 1978, at Detroit.—Decided
    December 5, 1978.

Horace Stringer was convicted, on his plea of guilty, of assault
    with intent to commit murder and possession of a firearm while
    in the commission of a felony, Recorder's Court of Detroit,
    Michael J. Connor, J. The defendant appeals and claims double
    jeopardy. *Held:*

The defendant's conviction on the felony-firearm count is set
    aside because the double conviction would violate his guarantee
    against double jeopardy; but his sentence for the assault convic-
    tion, as augmented by the felony-firearm statute, is upheld
    because the statute was intended as one for the augmentation
    of the penalty.

Affirmed in part, and reversed in part.

J. H. GILLIS, P.J., dissented. He would hold that the two
    convictions violated the defendant's guarantee against double
    jeopardy and he would reverse the conviction on the felony-
    firearm count and set aside that portion of the defendant's
    sentence because the punishment prescribed by the statute
    cannot be imposed for conviction of the underlying felony.

OPINION OF THE COURT

1. CRIMINAL LAW—CONSTITUTIONAL LAW—DOUBLE JEOPARDY—FEL-
    ONY-FIREARM—UNDERLYING FELONY—STATUTES.

It is a violation of a defendant's constitutional guarantee against
    double jeopardy to convict him of an underlying felony and, out
    of the same incident, convict him of a violation of the felony-
    firearm statute where the possession of the firearm is a neces-
    sary prerequisite to the conviction of the underlying felony;
    however, since the felony-firearm statute is intended to be a
    sentence augmenting statute, the defendant's sentence for the

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 9, 182-193, 546, 584, 585.
    Court's right, in imposing sentence, to hear evidence of, or to
    consider, other offenses committed by defendant. 96 ALR2d 768.
[2] 40 Am Jur 2d, Homicide §§ 2, 549 *et seq.*

underlying felony conviction may be augmented by the penalty prescribed by the felony-firearm statute even though the felony-firearm conviction must be vacated because of double jeopardy considerations (MCL 750.227[b]; MSA 28.424[2]).

DISSENT BY J. H. GILLIS, P.J.

2. CRIMINAL LAW—ASSAULT WITH INTENT TO COMMIT MURDER—FELONY-FIREARM—POSSESSION OF FIREARM.

*A defendant may not be convicted of and doubly punished for assault with intent to commit murder and violation of the felony-firearm statute arising out of the assault where the possession of the firearm was a necessary prerequisite to the conviction of the assault.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Principal Attorney, Appeals, and *Robert M. Morgan,* Assistant Prosecuting Attorney, for the people.

*Robert E. McCall,* for defendant on appeal.

Before: J. H. GILLIS, P.J., and V. J. BRENNAN and BASHARA, JJ.

BASHARA, J. The majority accepts the facts as set forth in our brother's dissent. In view of *People v McDowell,* 85 Mich App 697; 272 NW2d 576 (1978), and *People v Blount,* 87 Mich App 501; 275 NW2d 21 (1978), we set aside defendant's felony-firearm conviction, but uphold the sentence as an augmentation of the penalty in the underlying felony.

V. J. BRENNAN, J., concurred.

J. H. GILLIS, P.J. *(dissenting).* On September 6, 1977, defendant pled guilty to two charges; assault with intent to commit murder, MCL 750.83; MSA 28.778, and possession of a firearm while in the commission of a felony. MCL 750.227(b); MSA 28.424(2). The facts indicate that on July 24, 1977,

defendant, armed with a rifle, chased a woman into an alley and fired several shots at her, one of which inflicted a nonfatal wound.

On appeal, defendant raises three issues. One of these is without merit. The judge committed no reversible error in accepting the guilty pleas. Defendant's contentions are answered by *Guilty Plea Cases,* 395 Mich 96; 235 NW2d 132 (1975), *People v Love,* 76 Mich App 379; 256 NW2d 602 (1977), and MCL 771.1; MSA 28.1131.

However, under the facts of this case I do not believe defendant can be convicted of both assault with intent to commit murder and possession of a firearm while in the commission of a felony. The factual basis for both charges is that defendant fired several shots at the victim. Possession of a firearm was a necessary prerequisite to the assault in this case.

The Supreme Court in *People v Stewart (On Rehearing),* 400 Mich 540; 256 NW2d 31 (1977), stated that where possession of heroin is merely incidental to the sale of heroin a person cannot be convicted of both possession of heroin and delivery of heroin. Under the facts of that case, possession "was a 'necessary' prerequisite or the *sine qua non* for the very sale for which he was also convicted". 400 Mich at 549.

Applying a similar rationale to the instant case convinces me that defendant may not be doubly punished by convicting him of both the assault charge and the felony-firearm charge. The assault charge was predicated upon defendant's chasing the victim with a rifle and firing several shots at her. Thus, possession of the rifle was the *sine qua non* of the assault charge. The facts necessary to show that defendant committed the assault, without more, showed that defendant violated the fel-

ony-firearm statute. See also *People v Martin,* 398 Mich 303; 247 NW2d 303 (1976), *People v Moore,* 87 Mich App 475; 275 NW2d 19 (1978), *People v Mitchell,* 85 Mich App 757; 272 NW2d 601 (1978) (KAUFMAN, J., dissenting).

I disagree with the majority's resolution of this double jeopardy problem for the reasons set forth in my dissenting opinion in *People v Moore, supra.*

I would affirm defendant's conviction for assault with intent to commit murder but vacate the conviction on the felony-firearm charge and order the sentence imposed for the latter charge set aside.