PEOPLE v NOEL

Docket Nos. 77-4987, 77-5233. Submitted August 31, 1978, at Detroit.
—Decided March 6, 1979.

Defendant, Charles Noel, was convicted in Detroit Recorder's
Court, John Patrick O'Brien, J., on his pleas of guilty, of armed
robbery, assault with intent to rob, and two counts of posses-
sion of a firearm in the commission of a felony. Defendant
appeals. *Held:*

1. The felony-firearm statute should be viewed and upheld as
a sentencing enhancement and sentence augmenting measure
in light of the manifest intent of the Legislature in enacting
the statute; the portion of the statute which delineates posses-
sion of a firearm during the commission of a felony as a
separate and distinct offense should be construed as being
inoperable.

Affirmed in part, reversed in part.

J. H. GILLIS, P.J., dissented in part. He would hold that the
felony-firearm statute creates a separate offense of possession of
a firearm during the commission of a felony and that the
constitutional prohibition against double jeopardy proscribes a
multiple punishment as well as a multiple conviction for the
same offense. He would set aside both felony-firearm convic-
tions and the sentences imposed as a result of them.

OPINION OF THE COURT

1. APPEAL AND ERROR — COURT OF APPEALS — ISSUES NOT RAISED.
   The Court of Appeals has limited power to raise questions on its
   own.

2. CRIMINAL LAW — FELONY-FIREARM STATUTE — STATUTORY CON-
   STRUCTION — LEGISLATIVE INTENT — SENTENCE AUGMENTING
   STATUTE — STATUTES.
   The felony-firearm statute should be viewed and upheld as a
   sentencing enhancement and sentence augmenting measure in

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error § 900.
[2, 3] 21 Am Jur 2d, Criminal Law § 189.

light of the manifest intent of the Legislature in enacting the statute; the portion of the statute which delineates possession of a firearm during the commission of a felony as a separate and distinct offense should be construed as being inoperable (MCL 750.227b; MSA 28.424[2]).

PARTIAL CONCURRENCE, PARTIAL DISSENT BY J. H. GILLIS, P.J.

3. CRIMINAL LAW — FELONY-FIREARM STATUTE — LEGISLATIVE INTENT — SEPARATE AND DISTINCT OFFENSE — DOUBLE JEOPARDY.

*The Legislature in enacting the felony-firearm statute clearly intended to create an offense, for the possession of a firearm in the commission of a felony, separate and distinct from the underlying felony and to impose a separate punishment upon a person guilty of this offense; therefore, since a defendant's separate conviction under the felony-firearm statute cannot stand, because of double jeopardy considerations, the additional punishment prescribed by the statute for its violation cannot be imposed for violation of the underlying felony.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Principal Attorney, Appeals, and *Robert M. Morgan,* Assistant Prosecuting Attorney, for the people.

*Alfred H. Varga* and *Robert L. Ziolkowski,* for defendant on appeal.

Before: J. H. GILLIS, P.J., and V. J. BRENNAN and BASHARA, JJ.

V. J. BRENNAN, J. On August 26, 1977, defendant, Charles Noel, pled guilty in Recorder's Court case #77-05858 to armed robbery, MCL 750.529; MSA 28.797, and possession of a firearm in the commission of a felony (armed robbery), MCL 750.227b; MSA 28.424(2). The defendant also pled guilty in Recorder's Court case #77-05788 to assault with intent to rob being armed, MCL 750.89;

MSA 28.284, and possession of a firearm in the commission of a felony.

In the former proceeding defendant was sentenced to 2 to 15 years on the robbery and 2 years on the felony-firearm charge, said terms to run consecutively. In the latter proceeding defendant was sentenced to 2 to 15 years on the assault, said term to run concurrently with the robbery sentence, and 5 years on the felony-firearm charge, said term to run consecutively with the aforementioned 2-year term. The sentencing court set forth the defendant's net sentence as 9 to 15 years. The defendant appeals by right. GCR 1963, 806.1.

The defendant raises two issues on appeal, neither of which warrants lengthy discussion. The defendant's contention that the element of larceny from the person was not established at the plea proceeding is without merit. The record clearly shows that the defendant took money from the complainant at gunpoint. Furthermore, a review of the record and docket entries indicates no error in sentencing.

This brings us to a problem not raised by the defendant. Generally we do not address issues not raised by the parties on appeal. However, our function is to dispense justice, and we are given the limited power to raise questions on our own. *Dearborn v Bacila,* 353 Mich 99, 118; 90 NW2d 863 (1958), *Vermeylen v Knight Investment Corp,* 73 Mich App 632, 642; 252 NW2d 574 (1977).

We have held in *People v Blount,* 87 Mich App 501; 275 NW2d 21 (1978), that the rule against double jeopardy prohibits separate convictions on both felony firearm and the underlying felony. In accordance with that opinion we set aside the two convictions for felony firearm. However the defendant's sentence as an augmentation of the penalty for the underlying felony is upheld.

Reversed in part; affirmed in part.

BASHARA, J., concurred.

 J. H. GILLIS, *(concurring in part, dissenting in part)*. I agree with Judge BRENNAN'S opinion except for the last paragraph. I agree that the double jeopardy provisions of both the Michigan and United States Constitutions prohibit separate convictions on both the felony firearm and the underlying felony and I would set aside the two convictions for felony firearm and the penalty imposed as a result thereof. See my dissenting opinion in *People v Moore,* 87 Mich App 475, 480; 275 NW2d 19 (1978).