PEOPLE v BERRY

Docket Nos. 78-1169, 78-1170. Submitted August 31, 1978, at Detroit. —Decided March 6, 1979.

Joyce Berry, also known as Annette Williams, was convicted, on her plea of guilty, of armed robbery, assault with intent to rob while armed, and of two counts of possession of a firearm during the commission of a felony in the Recorder's Court for the City of Detroit, Michael J. Connor, J. Defendant appeals alleging double jeopardy. *Held:*

1. The rule against double jeopardy prohibits separate convictions on both felony-firearm and the underlying felony; therefore, the two felony-firearm convictions are set aside.

2. The felony-firearm statute should be viewed and upheld as a sentencing enhancement and sentence augmenting measure; therefore, the defendant's sentence as an augmentation of. the penalty for the underlying felonies is upheld.

Reversed in part; affirmed in part.

J. H. Gillis, P.J., concurred in part, and dissented in part. He agrees that double jeopardy prohibits separate convictions on both felony-firearm and the underlying felony and that the felony-firearm convictions should be set aside. However, because the convictions cannot stand, the additional punishment prescribed by the statute should not be imposed.

Opinion of the Court

1. Criminal Law — Felony-Firearm Statute — Statutory Construction — Legislative Intent — Sentence Augmenting Statute — Statutes.

The felony-firearm statute should be viewed and upheld as a sentencing enhancement and sentence augmenting measure in light of the manifest intent of the Legislature in enacting the statute; the portion of the statute which delineates possession of a firearm during the commission of a felony as a separate and distinct offense should be construed as being inoperable (MCL 750.227b; MSA 28.424[2]).

References for Points in Headnotes
[1, 2] 21 Am Jur 2d, Criminal Law §§ 182 *et seq.,* 583-585.

CONCURRENCE IN PART, DISSENT IN PART BY J. H. GILLIS, P.J.

2. CRIMINAL LAW — STATUTES — FELONY-FIREARM — CONVICTION —
   PUNISHMENT.

   *The language of the felony-firearm statute is clear and unambiguous and no interpretation is necessary; the Legislature clearly intended to create an offense separate and distinct from the underlying felony and to impose a separate punishment for that offense; where a defendant's conviction of a felony-firearm offense cannot stand, a punishment for that offense cannot be imposed for the commission of the underlying felony (MCL 750.227b; MSA 28.424[2]).*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Principal Attorney, Appeals, and *Timothy A. Scallen,* Assistant Prosecuting Attorney, for the people.

*Robert E. Slameka,* for defendant.

Before: J. H. GILLIS, P.J., and V. J. BRENNAN and BASHARA, JJ.

V. J. BRENNAN, J. On October 11, 1977, defendant Joyce Berry pled guilty to armed robbery, MCL 750.529; MSA 28.797, assault with intent to rob while armed, MCL 750.89; MSA 28.284, and two counts of possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). Defendant was sentenced to a total of 7 to 15 years in prison and brings this appeal by right.

Of the three issues raised by defendant on appeal only one merits discussion. We have held in *People v Blount,* 87 Mich App 501; 275 NW2d 21 (1978), that the rule against double jeopardy prohibits separate convictions on both felony-firearm and the underlying felony. In accordance with that opinion we set aside the two convictions for felony-firearm. However, the defendant's sentence as an

augmentation of the penalty for the underlying felonies is upheld.

Reversed in part; affirmed in part.

BASHARA, J., concurred.

J. H. GILLIS, P.J. (concurring in part, dissenting in part). I agree with Judge BRENNAN's opinion except for the last paragraph. I agree that the double jeopardy provisions of both the Michigan and United States Constitutions prohibit separate convictions on both the felony-firearm and the underlying felony and I would set aside the two convictions for felony-firearm and the penalty imposed as a result thereof. See my dissenting opinion in *People v Moore,* 87 Mich App 475; 275 NW2d 19 (1978).